An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD ZOLLO,
Appellant,
vs.
TERRIBLE HERBST, INC., A
CORPORATION; AND HENDERSON
CAR WASH INVESTMENTS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY
Respondents.

No. 65581

FILED

JUN 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court judgment, entered on remand, in a personal injury action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In *Moseley v. Eighth Judicial District Court*, 124 Nev. 654, 188 P.3d 1136 (2008), this court articulated four factors that a party must satisfy in order to establish excusable neglect under NRCP 6(b)(2) so as to justify an extension of NRCP 25(a)(1)'s 90-day time frame. When this matter was previously before this court on appeal, we concluded that "the district court did not articulate what findings of fact it made when it found that excusable neglect [under *Moseley*] was not established." *Zollo v. Terrible Herbst, Inc.*, Docket No. 60313 (Order Vacating Judgment and Remanding, Feb. 28, 2014). Consequently, we vacated the district court's dismissal order and remanded the matter so that the district court could make the necessary findings to support its analysis of the *Moseley* factors. *Id.*

15-17904

On remand, the district court made the following determinations:

> Plaintiff failed to demonstrate good faith or the exercise of due diligence regarding the filing of a substitution of attorney [sic]. Furthermore, Plaintiff failed to demonstrate a reasonable basis for the Court to extend the time period for filing a motion to substitute beyond the 90-day limit NRCP 25(a)(1) imposes following a suggestion of death, and Plaintiff failed to demonstrate the nonmoving party would not suffer prejudice by an enlargement of the specified time.

Based on these determinations, the district court concluded that excusable neglect had not been established and again dismissed appellant's case for failure to file a motion to substitute within NRCP 25(a)(1)'s time frame.

Appellant contends that the district court did not make any factual findings but instead simply concluded summarily that the four *Moseley* factors were not satisfied.[1] We agree. Similar to the first appeal in this case, the district court's order does not articulate a factual basis for its conclusion that appellant had not established excusable neglect. *Cf. Jitnan v. Oliver*, 127 Nev., Adv. Op. 35, 254 P.3d 623, 629 (2011) ("Without an explanation of the reasons or bases for a district court's decision, meaningful appellate review . . . is hampered because we are left to mere speculation."). Accordingly, we

---

[1]We have not considered appellant's arguments that were not first raised in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____ , J.
Saitta

_____ , J.
Douglas

_____ , J.
Gibbons

cc:    Chief Judge, The Eighth Judicial District Court
Hon. Douglas Smith, District Judge
Persi J. Mishel, Settlement Judge
Richard Harris Law Firm
Nikolas L. Mastrangelo
Moran Brandon Bendavid Moran
Eighth District Court Clerk

---

[2]On remand, we instruct the district court clerk to reassign this case to a different department.

SUPREME COURT
OF
NEVADA

(O) 1947A