An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF ROSLYN SCHRAGER, DECEASED, | No. 67442 |

ARNOLD SCHRAGER,
Appellant,
vs.
SOLOMON DWIGGINS & FREER,
LTD.; AND CLARK COUNTY PUBLIC
ADMINISTRATOR JOHN CAHILL,
ADMINISTRATOR OF THE ESTATE
OF ROSLYN SCHRAGER,
Respondents.

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court order awarding attorney fees in a probate action.[1] Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant's twin sister converted assets from their mother's estate. As a result, the administrator of the estate and appellant had to employ attorneys to assist in tracking down and attempting to recover those assets. Thereafter, the estate earned a $3,427,692 judgment against appellant's twin sister and her accomplices. After an interim account of the estate was filed stating that the estate had $191,524.30 in liquid

---

[1]While respondent Clark County Public Administrator argues that this court lacks jurisdiction to consider this appeal, we conclude that we have jurisdiction because appellant has an interest in the reduction of the estate's assets by the payment of attorney fees, *Matter of Estate of Herrmann*, 100 Nev. 1, 26, 677 P.2d 594, 610 (1984) ("heirs whose legacies would be reduced by an award of attorneys' fees were interested in such order, and thus aggrieved thereby, and therefore were entitled to pursue a timely appeal"), and NRS 155.190(j) (2013) (amended 2015) permits an appeal from the underlying order.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38709

assets, appellant's previous attorneys, Solomon Dwiggins & Freer, Ltd. (SDF) and the estate's administrator, respondents in this appeal, requested payment of their attorney fees. Appellant opposed those requests, but ultimately consented to the payment of the administrator's attorney fees during the February 14, 2014, and January 28, 2015, hearings. The district court ordered the estate to pay the administrator's attorney $115,588.61 and SDF $46,166.13. This appeal followed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly considered NRS 150.060, NRS 150.061, and the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33 (1969), factors in awarding the administrator's attorney fees.[2] Because appellant consented to the payment of the administrator's attorney fees, he has waived any challenge to those attorney fees on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (explaining that a point not challenged before the district court is waived on appeal). Thus, we affirm the district court's order directing the estate to pay the administrator's attorney fees.

Nevertheless, we conclude that the district court abused its discretion in calculating the amount of fees to be paid to SDF. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-29 (2006) (explaining that this court reviews an award of attorney fees for an abuse of discretion). While the district court did not abuse its discretion in awarding SDF attorney fees because it properly considered NRS 150.060,

---

[2]We note that because appellant did not appeal from the January 12, 2015, order awarding the administrator's attorney the majority of the attorney fees he has received from the estate, appellant's challenge to that award is not properly before this court.

NRS 150.061, and the *Brunzell* factors, it did abuse its discretion in awarding SDF $12,426 in attorney fees that arose out of a separate action that did not benefit the estate. *Albios*, 122 Nev. at 417, 132 P.3d at 1027-29. The separate action involved the decedent's payable upon death bank accounts and because such bank accounts generally do not pass into the estate, any case dealing with these accounts could not have benefitted the estate. *See* NRS 111.795(2) (providing that the funds in a bank account with a payable upon death designation belong to the payable upon death beneficiary after the account holder's death and the funds will only belong to the account holder's estate if the beneficiary does not survive); NRS 111.799 (explaining that a transfer to a payable upon death beneficiary "is not testamentary or subject to estate administration").

Thus, the district court abused its discretion in awarding SDF $12,426 in attorney fees incurred in relation to this separate action and we reverse that portion of the attorney fees awarded to SDF. *Albios*, 122 Nev. at 417, 132 P.3d at 1027-29. Because it is unclear whether the $12,426 was included in the $46,166.13 already paid by the estate or is part of SDF's remaining judgment against the estate, we remand to the district court for further proceedings.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Gloria Sturman, District Judge
Arnold Schrager
Solomon Dwiggins & Freer, Ltd.
Shawn L. Morris, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A