# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO K.M.C. AND M.M.C., A/K/A M.D., MINORS.

_____

CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,
Appellant,
vs.
KRYSTAL D.; AND WILL C.,
Respondents.

No. 68469

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition to terminate parental rights. Eighth Judicial District Court, Family Division, Clark County; Cynthia N. Giuliani, Judge.

K.M.C. was initially removed from respondents' care in May 2012, and was reunified in March 2013. Later that March, however, Krystal D. gave birth to M.M.C. and both tested positive for methamphetamine. As a result, K.M.C. and M.M.C. were removed from respondents' care. The main concern regarding respondents' parenting was their drug use. Will C. engaged in his case plan, attended substance abuse treatment programs, attended parenting classes, and submitted drug tests as required by appellant. Except for one relapse in the summer of 2014, Will C.'s drug test results showed no recent drug use and he testified that he was not using drugs and had a strong support system in place to maintain his sobriety. He also generally maintained employment and consistently visited the children. At the termination hearing, the

district court found that appellant had failed to establish parental fault grounds as to Will C. by clear and convincing evidence and denied the petition. This court reviews questions of law de novo and will uphold district court factual findings when they are supported by substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant first argues that the district court erred because it did not address in its order the presumption of token efforts in NRS 128.109(1)(a) (1999), which is triggered when the child has been removed from his or her home under NRS Chapter 432B and resided outside of the home for 14 of 20 consecutive months.[1] Because appellant did not cite NRS 128.109(1)(a) (1999) or otherwise reference or invoke this presumption in either its petition or at the termination hearing, appellant failed to properly raise this issue in the district court and we need not consider it on appeal.[2] *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *see In re A.S.*, 134 Cal. Rptr. 3d 664, 669 (Ct.

---

[1]Because the district court independently determined that it was in the children's best interest to terminate respondents' parental rights, any error by the district court in failing to apply the best-interest presumption in NRS 128.109(2) (1999) does not affect the outcome of this appeal. Similarly, the district court's failure to enter specific written findings of neglect as to Krystal D. is inconsequential to the outcome of this appeal, as the district court found other parental fault grounds as to Krystal D.

[2]The district court noted that the children had not been out of the home for 14 consecutive months, but made no express determination under NRS 128.109 (1999).

App. 2011) (holding that child welfare agency forfeited the application of a statutory presumption when it did not cite to the presumption or argue to the district court that the presumption applied); *see also In re K.R.*, 233 P.3d 746, 751 (Kan. Ct. App. 2010) (explaining that reliance on a presumption of parental unfitness without pretrial notice that the State would invoke the presumption was improper).

Appellant next asserts that the district court erred when it determined that it was barred from considering testimony presented at the termination hearing regarding two physical altercations between respondents. Although the district court was not barred from considering this testimony, appellant has failed to develop any argument addressing how this testimony was directly relevant to any particular ground of parental unfitness and thus that this issue warrants reversal. *See* NRS 128.105(2) (1999). These incidents were not adjudicated in the NRS Chapter 432B proceeding, and addressing domestic violence was not part of respondents' case plans. *See* NRS 128.105(2) (1999). Additionally, contrary to appellant's assertions, the record demonstrates that the district court considered the NRS 128.106 factors to the extent that they were relevant. *See In re J.D.N.*, 128 Nev., Adv. Op. 44, 283 P.3d 842, 850 (2012) (providing that the district court need not expressly refer to statutory factors when the order demonstrates that the district court considered the appropriate factors). Appellant's remaining arguments lack merit as substantial evidence supports the district court findings.[3] *In*

---

[3]Appellant's termination petition and the district court's order only reference NRS 128.014 (defining a neglected child) without reference to NRS 128.105(2)(b) (1999) (identifying neglect as a parental fault ground). Because the district court order resolves the allegation of neglect as to Will

*continued on next page...*

*re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d at 761. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Cynthia N. Giuliani, District Judge, Family Court Division
       Clark County District Attorney/Juvenile Division
       Christopher R. Tilman
       Special Public Defender
       Eighth District Court Clerk

*...continued*
C. that was presented in appellant's petition, the district court did not err when it did not explicitly reference NRS 128.105(2)(b) (1999).