# IN THE SUPREME COURT OF THE STATE OF NEVADA

REZA ATHARI,
Appellant,
vs.
THE STATE BAR OF NEVADA,
Respondent.

No. 68753

**FILED**

JUN 1 0 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and order issuing a letter of reprimand, arising from appellant's representation of Jennifer and Sony Syamala in relation to an international adoption.

After a hearing, the panel found that appellant had violated RPC 1.1 (competence) and RPC 1.4 (communication) in his representation of the Syamalas, and dismissed all other counts of misconduct with prejudice. Based on these violations, the panel issued a letter of reprimand and ordered appellant to pay restitution to the Syamalas and the costs of the disciplinary proceedings, excluding staff salaries. This appeal followed.

Appellant first challenges the panels' findings of RPC violations and argues that the panel's findings regarding the scope of representation, appellant's statements about the difficulty of the adoption, and appellant's direction to the Syamalas regarding completing a home study with Premier Adoption are not supported by the evidence. When reviewing attorney discipline, this court employs "a deferential standard of review with respect to findings of fact." SCR 105(3)(b); *see generally Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013) (observing that this court will uphold factual findings "as long as [they] are not clearly erroneous and are supported by substantial

evidence"). Substantial evidence, including emails between appellant and the Syamalas, the text of the retainer agreement, and testimony by the Syamalas, supports the panel's finding that appellant failed to limit the scope of representation to the immigration portion of the adoption. Substantial evidence also supports a finding that appellant failed to explain the difficult nature of the adoption process. Although there was conflicting evidence on this matter, the client testified directly and unequivocally on this point, and this court will not reweigh the credibility of witnesses on appeal. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). Similarly, the Syamalas' testimony supports the panel's finding that Premier Adoption, not appellant, informed the client that a home study done by Premier would be insufficient for an Indian adoption.

Appellant next challenges the panel's finding that he lacked competence to conduct an Indian adoption, and argues that the panel should have credited testimony that appellant's representation did not fall below the industry standard of care. Initially, we note that no testimony specifically addressing the standard of care appears in the record. Additionally, appellant's witness testified only that it would be appropriate for an immigration attorney to undertake the immigration portion of the adoption, not that appellant's action in the case was competent. And to the extent that testimony presented by appellant's and respondent's witnesses conflicted, we will not reweigh matters of credibility. *Id.*

Finally, appellant argues that the panel failed to consider mitigating circumstances and the discipline should be vacated. Specifically, appellant argues the following mitigating factors: the absence of prior discipline, the complexity of immigration law, appellant's 18 years

of experience, appellant's California license as a specialist in immigration law, and testimony that appellant met the industry standard of care. Appellant failed to raise mitigating circumstances before the panel, and arguably waived this argument on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that generally, a point not raised below is deemed waived on appeal). Additionally, evidence in the appendix does not support appellant's assertions that he has not been subject to prior discipline, met the standard of care, or that immigration law is particularly or unusually complex. Appellant did testify to his 18 years of experience and specialization in immigration law; however, because substantial experience in the practice of law is an aggravating circumstance under SCR 102.5(1)(i), consideration of this circumstance does not warrant vacating the panel's discipline. We therefore affirm the panel's decision imposing a letter of reprimand and payment of restitution and costs.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                               Douglas

_____, J.          _____, J.
Cherry                                 Saitta

_____, J.          _____, J.
Gibbons                                Pickering

 

cc: Chair, Southern Nevada Disciplinary Board
Reza Athari & Associates PLLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada