# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO K.S., K.M., AND J.M.,
MINORS.

LATOSHA E.M.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES,
Respondent.

No. 69497

FILED

APR 1 4 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to three minor children. Eighth Judicial District Court, Clark County; Cynthia N. Giuliani, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the children's best interests. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the children if the children are returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant first challenges the district court's parental fault findings. She contends that since her incarceration she has attempted to complete the requirements of her case plan but has been prevented from

17-12363

doing so because she was unable to enroll in some of the required classes.[1] She contends that respondent failed to make reasonable efforts to reunify the family because her caseworker did not visit her in prison or assist her in completing her case plan requirements while in prison. She also argues that she has addressed her mental health by seeing a counselor twice a week and taking her medication since her incarceration. In regard to the parental unfitness finding, she asserts that there was no evidence that her mental health or substance abuse rendered her unable to care for her children.

Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault finding that appellant is an unfit parent. *See* NRS 128.105(1)(b)(3). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. "What constitutes being unfit can vary from cases to case but generally includes continued drug use, criminal activity, domestic violence, or an overall inability to provide for the child's physical,

---

[1]To the extent appellant challenges the inclusion of requirements related to domestic violence, substance abuse, and mental health in her case plan, the record does not demonstrate that she objected to those requirements or requested a modified case plan that eliminated those requirements, and thus, she has waived this argument. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *see also Manuela H. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 1, 365 P.3d 497, 500 (2016) (acknowledging that a parent can object to the requirements of his or her case plan and file a motion under NRS 432B.570(1) to modify or revoke the case plan if he or she opposes requirements included in the case plan).

mental or emotional health and development." *In re Parental Rights as to N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (internal quotations omitted).

The children were removed from appellant's care after she left them home alone without proper supervision and with insufficient food. After they were removed, she was involved in additional criminal activity. The district court found to be credible, evidence that before appellant's incarceration she had failed to consistently visit her children, failed to complete a substance abuse assessment or a mental health assessment, and failed to complete parenting classes. *See In re Parental Rights as to J.D.N.*, 128 Nev. 462, 477, 283 P.3d 842, 852 (2012) (providing that the appellate court will not substitute its judgment for that of the district judge, who is in the better position to weigh the credibility of the witnesses). The district court also found that appellant failed to show behavioral changes as she did not know why the children were in therapy. Further, appellant only sought counseling in prison three weeks after the termination petition was filed and she had not addressed the triggers for substance abuse and mental health that she would face once she was released from prison. Thus, substantial evidence supports the district court's finding that appellant is an unfit parent because she failed to provide the children with proper care, guidance, and support as a result of her faults, habits, or conduct.[2]

---

[2]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

Appellant also challenges the district court's finding that termination was in the children's best interests. She contends that because the children have yet to be placed with a potential adoptive family and her release from prison was forthcoming, which would enable her to better complete her case plan and reunify with the children, termination was not in their best interests. The district court may terminate parental rights even if the children have not been placed with an adoptive family. *In re Parental Rigths as to A.J.G.*, 122 Nev. 1418, 1425, 148 P.3d 759, 764 (2006). While appellant argues that additional services offered to her upon her release from prison could result in her reunification with the children, she failed to participate in those services for a year before her incarceration. And, the children have been out of her care for 23 consecutive months. Thus, substantial evidence supports the district court's finding that appellant failed to rebut the presumption that because the children have resided outside of her care for 14 of 20 consecutive months, termination was in their best interest. NRS 128.109(2). For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich



cc: Hon. Cynthia N. Giuliani, District Judge
Keels Law Group
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk