# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO K.C.L., A MINOR.

JASON A.L.,
Appellant,
vs.
THE STATE OF NEVADA DIVISION
OF CHILD AND FAMILY SERVICES,
Respondent.

No. 69531

FILED

JUN 2 7 2017

## *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court order terminating appellant's parental rights as to his minor child. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

In Nevada, to terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interests. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Because the subject child here is an Indian child, the Indian Child Welfare Act applies.[1] Under ICWA, the district court must make two additional factual findings: (1) it has been proven beyond a reasonable doubt, which must include the testimony of a qualified expert witness, "that the continued custody of the child by the

---

[1]While respondent argues that the Existing Indian Family doctrine exception to ICWA applies, because respondent failed to make this argument before the district court, it has waived it on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

17-21262

parent or Native American custodian is likely to result in serious emotional or physical damage to the child,'" and (2) "'active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Native American family and that these efforts have proved unsuccessful.'" *In re Parental Rights as to N.J.*, 125 Nev. 835, 846-47, 221 P.3d 1255, 1263 (2009) (quoting 25 U.S.C. §1912(d) & (f)) (alteration omitted). This court has previously recognized that the clear and convincing evidence standard applies to the state requirements for termination and the standard of beyond a reasonable doubt applies to the termination requirements under ICWA. *Id.* On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Having considered the parties' arguments and the record on appeal, we conclude that substantial evidence does not support the district court's finding that respondent demonstrated beyond a reasonable doubt that it had made active efforts to reunify appellant and the child. Even though appellant is not of Indian descent himself, the requirement under ICWA that respondent make active efforts to reunify him with the child still applies. *See Matter of Adoption of T.A.W.*, 383 P.3d 492, 504-05 (Was. 2016) (concluding that ICWA applies to the non-Indian parent's parental rights, and thus, active efforts must be taken to reunify the child with the non-Indian parent); *see also* 44 Fed. Reg. 67592 (Nov. 26, 1979); 81 Fed. Reg. 38815 (June 14, 2016).

The only efforts made by respondent to reunify appellant and the child occurred before appellant's incarceration, and thus, respondent stopped making active efforts a full eight months before the termination

trial. Once appellant was incarcerated, respondent failed to communicate with him or assist him in visiting with or sending letters to the child. Further, respondent assigned a family support worker to specifically assist it in meeting its active efforts requirement, but because appellant was incarcerated, the family support worker never even contacted him. Thus, the only efforts made to reunify appellant and the child were (1) weekly visitation before appellant's incarceration, (2) a referral for a parenting class, and (3) a referral for a mental health and substance abuse assessment. Considering the extensive requirements of appellant's case plan and the fact that respondent stopped assisting him in any manner after his incarceration, we conclude respondent did not meet its burden of making active efforts to reunify appellant and the child. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Douglas

_____, J.
Gibbons

PICKERING, J., dissenting:

I respectfully disagree that substantial evidence does not support the district court's finding that respondent made active efforts to reunify appellant and the child. Respondent drove the child to appellant's home on a weekly basis so he could visit with the child, even though at times appellant was living more than 60 minutes away. Additionally,

---

[2]In light of this order, we need not reach appellant's additional arguments.

respondent provided appellant with a mental health and drug assessment, which was administered at appellant's home, and appellant failed to follow through with the recommendations from that assessment. Respondent also made numerous referrals for appellant to take drug tests, and many of those referrals were provided in person to appellant at his home. Yet, appellant failed to take the drug tests after receiving the referrals even when respondent arranged to transport appellant to the drug testing facility. Lastly, respondent provided appellant with a copy of the abuse and/or neglect petition, the parent's guide to child protective services, and the client court rights form, and also referred him to a parenting class.

In the 14 months this matter was pending before appellant was incarcerated, he failed to even attempt to comply with all the requirements of his case plan. As testified to by the ICWA expert witness, respondent's actions were sufficient to meet its burden of providing active efforts to appellant to reunify him with the child. Accordingly, I would affirm the district court order terminating appellant's parental rights.

_Pickering_____, J.
Pickering

cc:     Hon. Kimberly A. Wanker, District Judge
        Jason A.L.
        Attorney General/Carson City
        Attorney General/Las Vegas
        Nye County Clerk