# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO R.A.J., A MINOR.

No. 72362

MILTON J.,
Appellant,
vs.
KRISHAWN O.,
Respondent.

**FILED**

JAN 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights as to his minor child. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment, failure of parental adjustment, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant argues that substantial evidence does not support the district court's findings of parental fault or that termination is in the child's best interest. Specifically, he contends that the district court overlooked respondent's alienation and interference with his parental relationship. Additionally, he argues that the child's best interest is not

18-01352

served by termination because it denies the child a relationship with his father and his father's family.[1]

We conclude that substantial evidence supports the district court's finding that appellant only made token efforts "[t]o support or communicate with the child" and "[t]o avoid being an unfit parent." NRS 128.105(1)(b)(6)(I), (III). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. Appellant had no communication with the child for 16 months and only made partial, sporadic child support payments during that period. And before that 16-month-period-of-time, appellant had limited, sporadic contact with the child. The district court found, and the record supports, that appellant cannot provide adequate care for the child because the child has a serious medical condition and appellant has not been involved in the child's care and lacks knowledge on how to care for the child. Additionally, nothing in the record indicates that respondent prevented appellant from having a relationship with the child. Thus, substantial evidence supports the district court's parental fault findings that appellant made only token efforts to support or communicate with the child or to avoid being an unfit parent.[2]

_____

[1]While appellant also argues that the child should have been interviewed and represented below, the record demonstrates no request was made for the child to be interviewed or represented, and thus, appellant has waived this argument on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

[2]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding

We further conclude that substantial evidence supports the district court's finding that termination of appellant's parental rights is in the child's best interest. The child's stepfather has served as the child's father figure for the majority of his life, and the stepfather wishes to adopt the child. Further, the stepfather has significant knowledge regarding, and has been involved in, caring for the child's medical condition. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. William S. Potter, District Judge, Family Court Division
     Milton J.
     Mayfield, Gruber & Sheets
     Eighth District Court Clerk

---

of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.