# OLD AZTEC MINE, INC., Appellant, v. CAROLINE E. BROWN, Respondent.

## No. 11743

February 23, 1981                    623 P.2d 981

*Embry & Shaner,* Las Vegas, for Appellant.

*George E. Franklin,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment in an action brought for a declaratory judgment, to quiet title on some mining claims, and to obtain damages for an alleged breach of contract. Ms. Caroline E. Brown was the plaintiff below. Appellant Old Aztec Mine, Inc. (hereafter "Old Aztec") was the defendant below.

Ms. Brown brought the action on July 14, 1976 seeking (1) a declaration that Old Aztec was in default of the terms of an agreement designed to convey certain patented and unpatented mining claims in Clark County, (2) to quiet title on the mining claims involved in the agreement and to restore possession of said properties to her, and, (3) to obtain money allegedly owed to her under the terms of the agreement. Old Aztec counterclaimed alleging interference by the plaintiff with its contractual relationships and with its prospective economic advantage and perhaps hinting that the plaintiff had committed a forcible detainer of the subject property.[1]

At the close of a non-jury trial the district court found,

. . . that adequate notice of default was given, the defendant was in default, that default was not cured and as a result the contract became null and void by its own terms.

Therefore, the title to the property rests with the plaintiff as well as all monies paid to her as set forth in the contract, and Defendant Old Aztec Mine, Inc., no longer has any right, title or interest in the subject properties.

The court also concluded that no additional monies were owed

---

[1] The defendant's allegation in this regard is found in paragraph IV of its counterclaim. "That Counter-Defendant has interfered with the mining operations of Defendant and has prevented it from fully operating the mine thereby causing a loss of profits in excess of $10,000.00."

to Ms. Brown under Section II of the agreement.[2] The district court rendered no explicit decision on the defendant's counterclaim nor did it set forth any findings of fact or conclusions of law concerning the counterclaim.

Appellant contends that the trial court erred, (1) by ruling that an oral notice of default given by Ms. Brown to Old Aztec constituted an adequate notice of default under the parties' agreement, (2) by failing to hold that the land sales contract, executed by the parties herein, was actually a mortgage subject to the provisions of NRS Chapters 40 and 107, and, (3) by failing either to rule at all on Old Aztec's counterclaim or, if it can be deemed to have rendered a judgment on the counterclaim, by failing to rule in favor of Old Aztec. In all respects we affirm the district court.

1. The appellant contended at trial that §§ XI and XVI of the agreement[3] required that written notice of default be given, and that the oral notice of default given by Ms. Brown's attorney on or about 3/15/76 was inadequate. In substance Old Aztec's argument was ". . . that a notice of default is a termination of the agreement and could not be accomplished orally."

The trial court found on this point, however, that,

> [t]he notice of default did not terminate the contract. In this case the contract becomes null and void by its own terms as set forth in Section XVIII of the agreement. That section, entitled "Default", reads as follows: "Time is of the essence to this agreement, and if Buyer (defendant) should fail, neglect or refuse to abide by any of the terms or conditions hereof for a period of sixty (60) days after notice of default, this agreement will be considered null

---

[2]Section II, Purchase Price, provides that, "The purchase price, which shall be paid by Buyer to Seller, shall be Two Hundred Thousand ($200,000.00) Dollars, payable as follows:

"Seller shall receive, as and for payments on said purchase price, one-quarter (¼) of the proceeds of gross profits of the material mined and sold by Buyer on said property. All payments to Seller shall be made to escrow as hereinafter provided. After taking possession of said property, Buyer shall make accountings to Seller within ten (10) days after receipt of sales proceeds of each shipment."

[3]In pertinent part, part § XI provides, "Any notice, report or demand required or permitted by any provision of this Agreement *shall be deemed to have been personally given or served for all purposes if it is personally served or if mailed by registered or certified mail, . . .*" (Emphasis added.) Section XVI provides, "This Agreement . . . cannot be changed or terminated orally."

and void. . . ." Thus the contract became a nullity by its own provisions when the defendant failed to cure the defects in his performance within the allowed time after notification by the plaintiff.

As the trial court also correctly noted, no other "pertinent sections of the agreement can be read to require a writing."

2. The appellant argues that the parties' agreement, entitled "Agreement for Purchase of Mining Claim," was "in fact an installment sale or land sale contract." Hence, it contends, ". . . statutory requirements of foreclosure should apply as if the installment land contract were a mortgage or deed of trust."[4] The court below implicitly rejected this argument by recognizing the validity of the default provision of the parties' agreement (Section XVIII, provided in full above) and by concluding that via that provision the contract had become null and void by its own terms.

Under well-settled rules of contract construction a court has no power to create a new contract for the parties which they have not created or intended themselves. Club v. Investment Co., 64 Nev. 312, 323, 182 P.2d 1011 (1947); *accord* Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 112, 424 P.2d 101 (1967); Geo. B. Smith Chemical v. Simon, 92 Nev. 580, 582, 555 P.2d 216 (1976). Nothing in the parties' agreement indicates that they intended it to be a security device governed by statutory requirements concerning foreclosures.

3. Finally, the appellant argues that the district court erred by not ruling on its forcible detainer counterclaim.

A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal. Britz v. Consolidated Casinos Corp., 87 Nev. 441, 447, 488 P.2d 911 (1971); Harper v. Lichtenberger, 59 Nev. 495, 92 P.2d 719 (1939). It was incumbent upon the appellant to direct the trial court's attention to its asserted omission to mention the counterclaim expressly in its judgment. For example, the appellant could have moved the district court for amended judgment which would have included an explicit ruling on its counterclaim. NRCP 52(b). Because the appellant neglected to raise the issue that a decision

---

[4]Specifically, the appellant argues that Ms. Brown should have had to comply with the requirements of NRS 107.080 and 107.090 or 40.430, *et seq.*, in order to obtain a remedy against it.

on its counterclaim needed to be made, and because this issue does not concern the jurisdiction of the trial court we will not consider that issue on appeal. *Britz,* cited above.

The judgment below is affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOW-BRAY, JJ., and FONDI, D. J.,[5] concur.