An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHANIE GRAHAM,
Appellant,
vs.
ONEWEST BANK, FSB AS SUB-
SERVICER US BANK NATIONAL
ASSOCIATION,
Respondent.

No. 60935

**FILED**

JUL 2 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; J. Charles Thompson, Judge.

Appellant raises several arguments regarding the district court's denial of her petition for judicial review. We affirm.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant first contends that the notice of default upon which the mediation was based was invalid because the entity that recorded the notice of default, Meridian Foreclosure Service, had not been appointed as

13-22216

the trustee of record. We disagree. The record on appeal contains a document entitled "Substitution of Trustee" in which respondent appointed Meridian as trustee of appellant's deed of trust on March 8, 2011. This same document was recorded in the Clark County Recorder's office on March 21, 2011. Thereafter, in April 2011, respondent assigned the beneficial interest in appellant's loan to its current owner, US Bank. At this point, US Bank could have replaced Meridian with a new trustee, but it did not. *Cf.* NRS 107.028(4) ("A beneficiary of record *may* replace its trustee with another trustee." (emphasis added)). Consequently, when Meridian recorded the September 14, 2011, notice of default, it did so as the agent for US Bank. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 261-62 (recognizing that a trustee is the agent of a deed of trust beneficiary). Accordingly, the district court properly rejected appellant's argument regarding an invalid notice of default. *Id.* at ___, 286 P.3d at 260 (reviewing the district court's legal determinations de novo).

Appellant next contends that the district court erred in finding that respondent produced valid assignments of the deed of trust. Based upon the mediator's finding that all assignments were produced and the district court's examination of these same assignments at the preliminary hearing, it was not clearly erroneous for the district court to conclude that the assignments demonstrated a valid chain of title from appellant's original lender to the current deed of trust beneficiary. *Id.* (indicating that, absent clear error, this court will not reverse the district court's factual determinations). Similarly, the district court was within its discretion when it declined to hold an evidentiary hearing regarding alleged back-dating and robo-signing. *See* FMR 21(2) (providing the

district court with the discretion to determine whether an evidentiary hearing is necessary).

As appellant's remaining arguments on appeal were not presented in her petition for judicial review, we decline to consider them. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Stephanie Graham
Brooks Bauer LLP
Eighth District Court Clerk

---

[1]In light of our disposition, we deny as moot appellant's July 1, 2013, emergency motion for an injunction. Respondent's July 9, 2013, limited request for additional briefing is likewise denied as moot.