An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEAN ALAN CRUEA,
Appellant,
vs.
LINDA C. TERRY,
Respondent.

No. 65582

**FILED**

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from two district court rulings granting child support payments and attorney fees in a child custody action. Eighth Judicial District Court, Clark County; Sally Loehrer and Kenneth E. Pollock, Judges.

Appellant Dean Cruea appeals two district court decisions. The first is an order from Judge Sally Loehrer who determined Cruea owed respondent Linda Terry the maximum monthly child support payment allowed under Nevada law. Judge Loehrer also noted that attorney fees were warranted because "the majority of time, effort and expense" in the case were expended due to Cruea's effort to conceal his true gross income. The second is a post-judgment ruling[1] from Judge Kenneth Pollock who set the amount of attorney fees owed and reduced

---

[1]As a result of Judge Loehrer's rulings, Cruea made three motions: for a new trial, to alter or amend judgment, or to amend or make additional findings of fact. Judge Pollock heard these motions in a post-judgment hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38754

the monthly child support payment.[2] This court affirms Judge Loehrer's order in full, reverses the inconsistent parts of Judge Pollock's post-judgment ruling, and remands the question of whether Judge Loehrer's award of attorney fees was meant as a sanction.

*Child support*

Cruea argues[3] that the district court judges miscalculated the parties' gross monthly income for child support purposes.[4] Gross monthly

---

[2]Cruea argues that Judge Pollock applied the wrong standard of review when assessing Judge Loehrer's order. However, because we uphold Judge Loehrer's findings of fact and conclusions of law, the argument is moot.

[3]Additionally, Cruea argues that Terry is required to pay child support arrears pursuant to NRS 125B.030. NRS 125B.030 states that a parent with physical custody "may recover . . . the cost of care, support, education and maintenance" from the other parent. The district court judges found that Cruea presented inadequate evidence on the subject, and we agree. Further, the law prior to a 2015 amendment gave the mother "primary physical custody" where the mother and father were not married and an order of paternity had not been entered. NRS 126.031, *repealed by* 2015 Nev. Stat., ch. 445, § 19, at 2591. Here, Cruea and Terry were not married, and there was no order determining paternity. Moreover, Cruea cannot avail himself of NRS 126.031(2)(b)(1), because there is no showing that Terry abandoned the child to the custody of Cruea. For these reasons, we conclude that Cruea is not entitled to child support arrears.

[4]Cruea argues that both district court judges improperly determined Terry's gross income because they failed to include the value of employer retirement contributions and health care benefits. "A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). At trial, Judge Loehrer determined that Linda's gross monthly income was $5,196 per month. Our review of the record indicates that Cruea did not dispute this amount until the post-judgment hearing. In the post-judgment order,

*continued on next page...*

 

income for a self-employed person is "the gross income from any source . . . after deduction of all *legitimate business expenses*." NRS 125B.070(1)(a) (emphasis added). The district court has discretion in determining what a legitimate business expense is because "[m]atters of . . . support of minor children rest in the sound discretion of the trial court." *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

Both district court judges set the amount Cruea owed by determining both parents' gross monthly income, applying a support obligation percentage to each income, and then subtracting the higher support obligation from the lower support obligation. *See* NRS 125B.070; NRS 125B.080. Judge Loehrer found that Cruea owed $1,049.94 per month, which was over the statutory cap, so she held that Cruea was obligated to pay the statutory cap of $925 per month. In the post-judgment order, Judge Pollock reduced Cruea's payment obligation to $754.44 per month. The district court judges arrived at different amounts because they calculated Cruea's business related depreciation differently.

Cruea claimed a $43,332 depreciation expense on his 2012 taxes and argues that the entire amount should be excluded from his gross income. Judge Loehrer did not account for any depreciation when calculating Cruea's gross income. Judge Pollock subtracted $19,500 from Cruea's gross yearly income, which was an insurance reimbursement for

---

...*continued*
Judge Pollock determined that because Cruea had failed to raise the claim at trial, it was waived. We agree with Judge Pollock's determination on this matter.

destroyed equipment.[5] We agree with Judge Loehrer's determination as to Cruea's gross income and disagree with Judge Pollock's post-judgment determination and Cruea's argument.

Judge Loehrer did not exclude Cruea's depreciation from his gross income because the "totality of the evidence presented and testimony offered [demonstrated] that [Cruea's] position regarding his income [was] not credible," he was unwilling to "voluntarily come forward with the requested financial information," and engaged in "unorthodox and highly irregular record keeping . . . and . . . herculean efforts to avoid discovery of his true gross monthly income." Specific problems with Cruea's depreciation expenses included Cruea taking depreciation in a computer that his son used in school, numerous vehicles not being properly accounted for, and failing to use a sinking fund. As such, this court affirms Judge Loehrer's decision that the deductions are not "legitimate business expenses," and therefore, agrees with Judge Loehrer's child support calculations.

*Attorney fees*

"This court review[s] [the] district court's [award] of attorney fees for abuse of discretion." *Foster v. Dingwall*, 126 Nev. 56, 72, 227 P.3d 1042, 1052 (2010). Judge Loehrer's order, entered on August 9, 2013, stated that because of Cruea's behavior, attorney fees were warranted. Terry did not move for attorney fees until September 12, 2013. Judge

---

[5]We conclude that Judge Pollock erred in finding that the $19,500 payment was attributable to depreciation. Cruea's 2012 tax return shows that the $43,332 depreciation is composed of $14,500 in tentative depreciation, $11,743 in depreciation for assets placed into service before 2012, and $17,089 in car depreciation.

Pollock later found that an award of attorney fees was warranted and awarded Terry $14,500 in attorney fees and costs.

"A claim for attorney fees must be made by motion . . . no later than 20 days after notice of entry of judgment is served . . . ." NRCP 54(d)(2)(A)-(B). Terry's motion for attorney fees was made more than 20 days after Judge Loehrer's order was entered. As such, Judge Pollock abused his discretion in awarding attorney fees. However, the language used in Judge Loehrer's order stating that attorney fees were warranted may have been intended as a sanction against Cruea. If that is the case, then NRCP 54(d)(2)(B)'s 20-day time period would not apply. NRCP 54(d)(2)(C) ("Subparagraphs (A)-(B) do not apply to claims for fees and expenses as sanctions pursuant to a rule or statute, or when the applicable substantive law requires attorney fees to be proved at trial as an element of damages."). EDCR 7.60(b) allows for such sanctions: "The court may, after notice and an opportunity to be heard, impose upon an attorney or a party any and all sanctions which may . . . be reasonable." As such, we remand to the district court to determine whether Judge Loehrer's award of attorney fees was intended to be a sanction.

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Rena G. Hughes, District Judge
     Robert E. Gaston, Settlement Judge
     Willick Law Group
     Bowen Law Offices
     Eighth District Court Clerk