# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIE HAMMER,
Appellant,
vs.
MARY J. RASMUSSEN,
Respondent.

No. 67368

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is a pro se appeal from a district court order concerning parentage and the amendment of a child's birth certificate in a child custody action. Eighth Judicial District Court, Family Court Division, Clark County; Lisa M. Brown, Judge.

Appellant gave birth to a child while she was involved in a romantic relationship with respondent, and both parties are listed on the child's birth certificate, with respondent listed as the father. After the relationship ended, respondent sought custody and the district court concluded that respondent was the child's parent. Thereafter, appellant located the child's biological father, and once a blood test confirmed his paternity, he signed a voluntary declaration of paternity. After all three parties agreed to a custodial arrangement, appellant filed a motion to amend the child's birth certificate to list the father's name. The district court granted the motion and ordered that all three parents' names appear on the child's birth certificate without the designation of mother or father. On appeal, appellant argues that the district court had no legal basis to

17-21227

order all three parents' names listed on the birth certificate and that the district court should have ordered respondent's name removed.

We cannot grant appellant her requested relief as she failed to request the removal of respondent's name from the child's birth certificate in the district court in the first instance. In fact, appellant received the exact relief she had requested as she only moved to have the father's name added to the child's birth certificate. Because appellant failed to present any argument to the district court that the father's name should replace respondent's name, this issue has not been fully developed before the district court and we are unable to consider it.[1] *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

Regardless, we vacate the district court's order because the court failed to consider whether Nevada law permits a child to have more than two legal parents before entering its order directing the amendment of the child's birth certificate to reflect three legal parents. Additionally, the district court ordered the amendment of the child's birth certificate despite the fact it had failed to recognize the father's paternity in a written order. While the father and appellant executed a voluntary declaration of paternity, which has the same effect as a written court order, NRS 126.053(1), the district court failed to consider the effect of

[1]We note that even if we were able to reach this issue, resolution of it here would be improper as the father was not listed as a party on appeal and appellant failed to serve him with notice of her appeal. *See* NRAP 3(d)(1) (requiring an appellant to serve the "notice of appeal on all parties to the action in the district court").

such a paternity declaration when a prior court order already established two people as the child's parents. *See generally St. Mary v. Damon*, 129 Nev. 647, 654, 309 P.3d 1027, 1033 (2013) (recognizing that a child can have two legal mothers). Further, the fact that appellant did not appeal the prior determination recognizing appellant and respondent as the child's parents may be relevant to whether she can request respondent's name removed from the child's birth certificate. Lastly, the child's interests are directly impacted by the district court's decision, yet the child was not a party to the proceeding that led to the district court's order directing the amendment of her birth certificate. *See* NRCP 19(a) (requiring joinder of a party where the party has an interest in the action and disposition of the action in the party's absence may "impair or impede the person's ability to protect that interest"); *see also* NRS 126.101 (allowing a child to be made a party to a paternity action).

Accordingly, we vacate the district court's order and remand this matter for the district court to hold an evidentiary hearing to determine whether a child can have three legal parents under Nevada law, and if not, which two of the three parties below are the child's parents. The court shall also consider whether appellant may seek to remove respondent's name from the birth certificate when respondent's parentage was previously established and appellant failed to appeal from that order. Appellant shall join the child as a party to the action prior to the evidentiary hearing so the child may have an opportunity to present argument and evidence at the hearing.[2] Because the child is a minor, it

---

[2]We note that if the district court's decision may mandate a change to the child's birth certificate, it may be appropriate to permit the State Registrar of Vital Statistics to present argument on this issue as well.

will be necessary for the district court to appoint a guardian ad litem to represent the child. NRS 126.101(1).

It is so ORDERED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Lisa M. Brown, District Judge, Family Court Division
Julie Hammer
Black & LoBello
Eighth District Court Clerk