**134 Nev., Advance Opinion 4**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK, N.A., A NATIONAL ASSOCIATION, Respondent. | No. 71325 <br><br> **FILED** <br><br> FEB 0 1 2018 <br><br>  |

Appeal from summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Reversed and remanded.*

Kim Gilbert Ebron and Howard C. Kim, Diana S. Cline Ebron, and Jacqueline A. Gilbert, Las Vegas,
for Appellant.

Akerman LLP and Ariel E. Stern, Melanie D. Morgan, and Brett M. Coombs, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

This dispute seeks clarification of how the notice provisions of NRS 116.31162 apply amidst competing foreclosure sales by a bank and a

homeowner's association. Two days after Silver Springs Homeowner's Association recorded a notice of foreclosure sale, First Horizon Home Loans recorded its own notice of foreclosure sale. First Horizon was the first to hold its foreclosure sale and bought the property on a credit bid. However, before First Horizon recorded its trustee's deed, Silver Springs held its own foreclosure sale, at which SFR Investments purchased the same property. SFR Investments then filed suit against First Horizon to quiet title.

Both parties filed motions for summary judgment. The district court granted First Horizon's motion, finding that Silver Springs' foreclosure sale was invalid because Silver Springs had not provided the statutorily required notices pursuant to NRS 116.31162 and NRS 116.311635. Because NRS 116.31162 requires a homeowner's association ("HOA") foreclosing on its interest to record its notice of foreclosure sale, we conclude that any subsequent buyer purchases the property subject to that notice that a foreclosure may be imminent. Therefore, an HOA need not restart the entire foreclosure process each time the property changes ownership so long as the HOA has provided the required notices to all parties who are entitled. Accordingly, the district court erred in finding Silver Springs' foreclosure sale invalid, and we reverse the resulting entry of summary judgment.

## BACKGROUND

The former homeowner in this matter purchased the subject property for approximately $140,000, having financed the property with a loan from First Horizon Home Loans and executed a deed of trust in favor of First Horizon. The property was part of a planned unit development governed by Silver Springs Homeowner's Association.

In 2011, the homeowner became delinquent on both her mortgage and her HOA dues. Silver Springs tendered a notice of delinquent

assessment lien and on April 20, 2012, recorded a notice of default and election to sell. Silver Springs then recorded a notice of foreclosure sale on February 5, 2013. Both the notice of default and the notice of foreclosure sale were mailed to First Horizon in its capacity as mortgagee. First Horizon does not dispute that it received the notices *in its capacity as mortgagee* and was aware of the delinquent assessments. Nevertheless, on October 30, 2012, First Horizon recorded its own notice of default and election to sell, and on February 7, 2013, two days after Silver Springs recorded its notice of foreclosure sale, First Horizon recorded its own notice of foreclosure sale.

First Horizon completed the foreclosure sale with respect to First Horizon's deed of trust on February 26, 2013. First Horizon purchased the property for a credit bid of $151,283.09, and recorded the deed on March 7, 2013. One day before First Horizon recorded its deed, Silver Springs conducted the foreclosure sale with respect to its superpriority HOA lien. Appellant SFR Investments Pool 1, LLC, purchased the property for $7,000, and on March 18, 2013, SFR recorded its deed.

SFR filed suit against First Horizon to quiet title, and both parties moved for summary judgment.[1] The district court granted First Horizon's motion for summary judgment and denied SFR's cross-motion. The district court determined that Silver Springs failed to provide First Horizon, *in its capacity as owner*, with copies of the notice of delinquent assessment, notice of default, and notice of sale, as required by NRS 116.31162 and NRS 116.311635. Furthermore, the district court found that Silver Springs failed to comply with its own CC&Rs, which required the

---

[1]SFR filed additional claims not relevant to this opinion.

HOA to provide an owner with 30 days' written notice prior to any foreclosure. Accordingly, the district court deemed Silver Springs' foreclosure sale void and entered summary judgment in favor of First Horizon.

## DISCUSSION

We review a district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, the pleadings and other evidence on file demonstrate that there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. *Id.*

NRS 116.3116 provides HOAs a superpriority lien on up to nine months of unpaid HOA dues. In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, this court concluded that a lien pursuant to NRS 116.3116 is a "true priority lien such that its foreclosure extinguishes a first deed of trust on the property." 130 Nev. 742, 743, 334 P.3d 408, 409 (2014). The primary question presented by this case is whether the foreclosure sale by Silver Springs was valid when First Horizon acquired title to the property at its own foreclosure sale shortly before the HOA sale.

*The HOA foreclosure sale did not violate the notice provisions of NRS Chapter 116*

Prior to foreclosing on a superpriority lien, an HOA is first required to send a homeowner a notice of delinquent assessment by way of registered mail. NRS 116.31162(1)(a). "Not less than 30 days after mailing the notice of delinquent assessment," the HOA must record a "notice of default and election to sell," specifically detailing the amounts owing and warning the property owner that failure to pay could result in the loss of the home. NRS 116.31162(1)(b). At least 90 days after recording the notice

of default and election to sell, the HOA must also publish notice of the time and place of the sale in a newspaper of record, post the notice of sale in a public place, and serve the notice upon "the unit's owner or his or her successor in interest." NRS 116.311635(1).

In many respects, this case is factually similar to that addressed in this court's recent decision: *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp*, 132 Nev., Adv. Op. 5, 366 P.3d 1105 (2016). In *Shadow Wood*, the bank holding the first deed of trust on a parcel of property foreclosed and acquired the property. *Id.* at 1107. The property was subject to both a superpriority lien by the Shadow Wood HOA and a subpriority lien. *Id.* This court concluded that the bank's foreclosure of the property eliminated the subpriority portion of Shadow Wood's lien, but that the bank took the property subject to the superpriority portion of the lien. *Id.* Accordingly, this court found that a subsequent foreclosure sale by Shadow Wood to a third-party purchaser could be valid. *Id.* at 1116.

However, Shadow Wood provided a new notice of delinquent assessment, notice of default and election to sell, and notice of foreclosure sale after the bank acquired the property at the first foreclosure sale. *Id.* at 1108. But, in this case, no new notices were provided after First Horizon acquired the property because Silver Springs had already provided those notices to the previous owner. First Horizon does not dispute that it received the notices *in its capacity as mortgagee* nor does it challenge the sufficiency of the notices to the previous owner. Rather, First Horizon argues that the district court properly determined that the foreclosure sale was void because Silver Springs did not provide First Horizon the required notices *in its capacity as owner*.

The very purpose of recording statutes is to impart notice to a subsequent purchaser. The statutory language of NRS 111.320 is instructive:

> Every such conveyance or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this chapter or in NRS 105.010 to 105.080, inclusive, must from the time of filing the same with the Secretary of State or recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice.

Considering the purpose of recording statutes, we conclude that a foreclosing party need not start the entire foreclosure process anew each time the subject property transfers ownership. Imposing such a requirement could incentivize the transfer of title to a given property simply in order to avoid a foreclosure sale. Therefore, while a new owner is entitled to statutory notices from a foreclosing entity that had not previously been served, the foreclosing party is not required to re-serve any notices that were properly recorded and served on the previous owner.[2]

*Silver Springs' foreclosure sale did not violate the HOA CC&Rs*

The district court determined that Silver Springs conducted its foreclosure sale in violation of its own HOA guidelines, specifically, section 7.7 of the CC&Rs. Section 7.7 of the CC&Rs for Silver Springs provides:

---

[2]First Horizon also complains that the notices had become "meaningless or stale" once First Horizon's own foreclosure extinguished the subpriority portion of Silver Springs' lien. This argument is unavailing. First Horizon could have made efforts to determine the remaining (superpriority) amount or paid the entire amount and requested a refund. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014).

The failure of the Association to send a bill to a Member shall not relieve any member of his liability for any Assessment or charge under this Declaration, but the Assessment Lien therefor shall not be foreclosed as set forth in Section 7.10 below until the Member has been given not less than thirty (30) days written notice prior to such foreclosure that the Assessment or any installation thereof is or will be due and of the amount owing.

Regarding compliance with this section, the district court relied on the deposition testimony of David Alessi, a representative of the agent for Silver Springs. When asked if Silver Springs would have pursued the HOA foreclosure if it was aware that First Horizon had recently foreclosed, Alessi responded that "in general, we would not." He further clarified that Silver Springs "probably would have restarted the collection process *if there had been a trustee's deed recorded into the bank's name.*" (Emphasis added.) The district court failed to note that Silver Springs' foreclosure sale was conducted one day before First Horizon recorded the trustee's deed following its purchase of the property. Alessi's testimony was inapplicable to the circumstances present here because the trustee's deed was not recorded into the bank's name at the time of the HOA foreclosure sale.

First Horizon does not allege that the prior owner was improperly noticed pursuant to either statute or the CC&Rs. When First Horizon purchased the property, it stepped into the shoes of the prior owner.[3] For the same reason that Silver Springs was not statutorily

---

[3]We recognize that First Horizon, as successor in interest, did not have a *personal* obligation to pay the previous owner's past due assessments.

required to re-start the foreclosure process once ownership changed, we conclude that the CC&Rs did not require Silver Springs to re-notice or postpone the HOA foreclosure sale.[4]

*Silver Springs' foreclosure sale was not void as commercially unreasonable*

First Horizon offers alternative bases to invalidate Silver Springs' foreclosure sale, but our caselaw regarding similar HOA foreclosures undermines each of the proffered bases. First Horizon contends that Silver Springs' sale for $7,000 was commercially unreasonable. During the pendency of this appeal, this court unequivocally held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *See Nationstar Mortg. LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). To set aside a foreclosure sale, a party must demonstrate some element of fraud, unfairness, or oppression. *Id.*

A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.*, and First Horizon argues that $7,000 should be deemed "grossly inadequate." Before the district court, First Horizon argued that it had not received adequate notice as the new homeowner, that the first foreclosure sale rendered the prior HOA notices "meaningless or stale," and that Alessi's testimony

---

[4]The parties submitted arguments regarding SFR's position as a bona fide purchaser, but our determination that Silver Springs' foreclosure sale was valid renders SFR's status as a bona fide purchaser a moot point.

SUPREME COURT
OF
NEVADA

(O) 1947A

demonstrated that Silver Springs had violated their own policy.[5] In accordance with our foregoing analysis, we reject First Horizon's arguments.

In light of our recent opinion in *Nationstar Mortgage*, and considering that First Horizon had actual and constructive notice of the HOA foreclosure sale while it was pending, we conclude that First Horizon fails to provide sufficient evidence of fraud, unfairness, or oppression.[6] Therefore, we have no basis to conclude that the Silver Springs' foreclosure sale should be set aside.

## CONCLUSION

Based on the foregoing, we hold that a foreclosing party is not required to re-serve any notices that were properly served prior to a transfer of ownership. Furthermore, the district court erred in finding that Silver Springs had violated section 7.7 of the CC&Rs. We conclude there was no basis to invalidate the HOA foreclosure sale. Accordingly, we reverse the entry of summary judgment in this matter, direct the district court to enter

---

[5]To the extent First Horizon raises new arguments on appeal to support a finding of "fraud, unfairness, or oppression," we decline to address them in the first instance. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[6]As an alternative basis to uphold the district court order, First Horizon contends that the application of NRS 116.3116 should be preempted in the instant case because the underlying loan by First Horizon was insured through the FHA insurance program. We recently rejected this argument in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017).

summary judgment in favor of SFR regarding its quiet title claim, and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A