# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIMORTGAGE, INC., A NEW YORK CORPORATION,
Appellant,
vs.
K & P HOMES, LLC, A SERIES LIMITED LIABILITY COMPANY OF DEK HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 71016

**FILED**

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellant CitiMortgage argues that the district court erred in granting summary judgment in favor of respondent because the relevant provisions of NRS chapter 116 are facially unconstitutional under the Due Process Clause and a grossly inadequate price alone justifies setting aside a foreclosure sale. We have rejected those arguments in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), and *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017).

CitiMortgage alternatively argues that reversal is warranted based on unfairness or oppression combined with the gross inadequacy of the sale price. *See Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 648. To some extent, CitiMortgage relies on what it characterizes as "unfair outcomes." Our decisions, however, make it clear that the inquiry is

whether "the sale was affected by fraud, unfairness, or oppression," *id.*, not whether the result of the sale was unfair. As to alleged unfairness or oppression affecting the sale, CitiMortgage claims that (1) a provision in the homeowners' association's CC&Rs (§ 7.8) led CitiMortgage and bidders to believe that the HOA's foreclosure sale would not extinguish a first deed of trust, thus chilling the bidding at the foreclosure sale; and (2) the HOA's agent would have rejected any effort to tender the superpriority portion of the lien.

We decline to consider the first point about the CC&Rs because CitiMortgage raises it for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). We reject the second point because CitiMortgage provided no evidence that it tendered the superpriority amount of the lien at issue; in fact, CitiMortgage acknowledges in its opening brief that it "did not tender the superpriority portion" before the foreclosure sale. *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."). CitiMortgage suggests that it "could not tender the superpriority portion" because the HOA's agent would have rejected it, but we disagree. CitiMortgage's belief that the HOA's agent would reject a tender did not *preclude* it from making a tender. If CitiMortgage had attempted to pay the superpriority portion and the HOA or its agent rejected the tender without sufficient justification, the tender would have discharged the superpriority portion of the lien. *See* 59 C.J.S. *Mortgages* § 582 (2016). Absent evidence that the HOA or its agent affirmatively thwarted CitiMortgage's efforts to tender the superpriority amount, the alleged futility of any such effort does

not establish unfairness or oppression. Because CitiMortgage therefore has not established an equitable basis to challenge the foreclosure sale, we need not consider the parties' arguments as to respondent's status as a bona fide purchaser.

Finally, CitiMortgage argues that the district court should have granted its request for a continuance under NRCP 56(f) to conduct discovery. The record, however, indicates that the district court granted the request—the court delayed its decision on the summary judgment motion for 60 days specifically to allow CitiMortgage to conduct additional discovery. After 60 days, CitiMortgage presented no additional evidence and the district court granted respondent's summary judgment motion. Thereafter, CitiMortgage asked the district court to reconsider its decision and reopen discovery based on *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016). We see no error in the district court's refusal to reopen discovery, as *Shadow Wood* did not change the law as to the showing required to invalidate a foreclosure sale. *See Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 647. And, the district court took *Shadow Wood* into consideration in its amended summary judgment order.

Having determined that the district court did not err in granting summary judgment, we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:   Hon. Timothy C. Williams, District Judge
Akerman LLP/Las Vegas
The Wright Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A