IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, Appellant, vs. SFR INVESTMENTS POOL 1, LLC; AND ARBOR PARK COMMUNITY ASSOCIATION, Respondents. | No. 75954 |

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING*

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; David M. Jones, Judge. Reviewing the order de novo, *Berberich v. Bank of America, N.A.*, 136 Nev., Adv. Op. 10 at 3, ___ P.3d ___ (2020), we affirm in part, reverse in part, and remand.

The district court dismissed appellant's amended complaint on the ground that all of appellant's claims constituted "[a]n action upon a liability created by statute" such that they were time-barred by NRS 11.190(3)(a)'s 3-year limitation period. As a threshold matter, we affirm the district court's dismissal of appellant's unjust enrichment claim because appellant did not argue in district court that this claim was timely brought. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that arguments raised for the first time on appeal are waived).

However, we conclude that the district court erred in applying NRS 11.190(3)(a) to appellant's quiet title claim. As this court has recognized, quiet title actions are authorized under NRS 40.010, which provides that "'[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person

20-14598

bringing the action, for the purpose of determining such adverse claim.'"[1] *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 318, 302 P.3d 1103, 1106 (2013) (quoting NRS 40.010). Thus, a quiet title action does not seek to hold anyone liable, but instead simply seeks a determination regarding the parties' respective rights with regard to the subject property. *Id.* ("A plea to quiet title does not require any particular elements . . . ."); *see also Liability*, Black's Law Dictionary (11th ed. 2019) (defining "Liability" as "[t]he quality, state, or condition of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment" and "[a] financial or pecuniary obligation in a specified amount"). We therefore reverse the district court's dismissal of appellant's quiet title claim.[2]

We likewise reverse the dismissal of appellant's claims against respondent Arbor Park Community Association for negligent misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing, as the allegations in those claims hinge on Arbor Park having misrepresented in its CC&Rs that the first deed of trust was superior to Arbor Park's lien, which is not premised on any liability created

---

[1]We reject respondent SFR Investments' argument that appellant must have an *ownership* interest in the subject property in order to assert a quiet title claim, as nothing in NRS 40.010 suggests the Legislature intended to impose such a requirement.

[2]This court recently held in *Berberich v. Bank of America, N.A.*, 136 Nev., Adv. Op. 10 at 7, ___ P.3d ___ (2020), that the triggering date for when a plaintiff's claim accrues under NRS 11.080 is once the property's owner has "notice of disturbed possession." We assumed for purposes of our decision that NRS 11.080 was the applicable limitations period because both parties agreed that it was. *Id.* at 4 n.2. In this case, we leave for the parties to litigate on remand what the applicable limitations period is, if any.

by statute. We leave for the district court and the parties on remand to resolve any remaining issues pertaining to those claims, but we emphasize that our reversal of these claims should not be construed as an indication that we agree with appellant's interpretation of CC&R Sections 5.15 and 5.16.

Conversely, we conclude that the district court correctly determined that appellant's claims for wrongful foreclosure and breach of statutory duty against Arbor Park are subject to NRS 11.190(3)(a)'s 3-year limitations period, as the allegations in those claims sought to hold Arbor Park liable for violating various provisions of NRS Chapter 116 during the foreclosure process. We nonetheless reverse the dismissal of those claims, as it is unclear the extent to which the district court considered appellant's arguments in support of tolling the limitations period. Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. David M. Jones, District Judge
Janet Trost, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Kim Gilbert Ebron
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk