# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK AS
SUCCESSOR TRUSTEE TO THE
JPMORGAN CHASE BANK, N.A., AS
TRUSTEE FOR THE HOLDERS OF
SAMI II TRUST 2006-AR7, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR7; AND NATIONSTAR
MORTGAGE, LLC,
Appellants,
vs.
CKVC INVESTMENTS, LLC; AND
SOUTHERN HIGHLANDS
COMMUNITY ASSOCIATION,
Respondents.

No. 76888

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK AS
SUCCESSOR TRUSTEE TO
JPMORGAN CHASE BANK, N.A., AS
TRUSTEE FOR THE HOLDERS OF
THE SAMI II TRUST 2006-AR7,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-AR7;
AND NATIONSTAR MORTGAGE, LLC,
Appellants,
vs.
CKVC INVESTMENTS, LLC; AND
SOUTHERN HIGHLANDS
COMMUNITY ASSOCIATION,
Respondents.

No. 77495

## ORDER AFFIRMING (DOCKET NO. 76888) AND
## AFFIRMING IN PART AND REVERSING IN PART (DOCKET NO. 77495)

These are consolidated appeals from a district court judgment

following a bench trial in a quiet title action (Docket No. 76888) and from a

SUPREME COURT
OF
NEVADA

(O) 1947A

20-14604

post-judgment order awarding attorney fees and costs (Docket No. 77495). Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.[1]

Having considered the parties' arguments and the record, we are not persuaded that the district court erred in determining respondent CKVC Investments holds title to the subject property free of appellants' deed of trust.[2] *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). As a threshold matter, we take judicial notice of the quitclaim deed recorded on April 26, 2018, which this court provisionally noticed on August 7, 2019. NRS 47.170. In so doing, we note that appellants have not questioned the deed's authenticity or the facts stated therein that New Start Asset Recovery LLC was conveying its interest in the subject property to CKVC Investments.[3] NRS 47.130(2)(b).

Appellants contend that Pite Duncan's offer to pay the superpriority lien amount, once that amount was determined, was sufficient to constitute a valid tender. However, we recently held in *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev., Adv. Op. 6, ___ P.3d

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellants have not challenged the judgment in favor of respondent Southern Highlands Community Association, so we necessarily affirm that portion of the district court's judgment.

[3]Additionally, if we did not take judicial notice of the deed and determined that the district court erred in prohibiting appellants from contesting CKVC Investments' title, the appropriate remedy would be dismissal of this matter due to appellants having litigated against the wrong entity and not judgment in appellants' favor.

___ (2020), that an offer to pay without an actual payment is not a valid tender. Appellants contend that formal tender should have been excused because (1) the HOA agent's refusal to provide a superpriority payoff amount was "tantamount to a refusal of an offer to pay it," and (2) the superpriority payoff amount was accessible only to the HOA and the HOA's agent.[4] However, appellants have not pointed to evidence that the HOA or its agent had a "known policy of rejecting such payments."[5] *7510 Perla Del Mar Ave. Tr.*, 136 Nev., Adv. Op. 6 at *2. Nor have appellants meaningfully disputed that substantial evidence supports the district court's finding that the HOA would have provided Pite Duncan with a statement of account free of charge.[6]

---

[4]Although appellants contend that they raised these arguments in district court such that they are properly preserved for appeal, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), appellants provide no citation to the record where the arguments were purportedly made, *see* NRAP 28(e) ("[E]very assertion in briefs regarding matters in the record shall be supported by a reference to the page and volume number, if any, of the appendix where the matter relied on is to be found."). Additionally, although appellants argue that the district court abused its discretion in prohibiting Pite Duncan's witness, Christopher Swift, from testifying, they do not explain what testimony Mr. Swift would have provided that might have changed the outcome of this case. Accordingly, we decline to further consider this argument. NRCP 61.

[5]Appellants cite to David Alessi's testimony that the HOA's agent would have rejected a superpriority tender from Miles Bauer if the tender contained certain conditions, but appellants do not point to any evidence that the HOA's agent would have rejected a superpriority tender from Pite Duncan, much less that Pite Duncan knew that the HOA's agent had a policy of rejecting such payments.

[6]We acknowledge that the HOA did not send a statement of account in response to Pite Duncan's August 21, 2012, email asking for a statement of account. However, when Pite Duncan sent a follow-up email on August

Appellants alternatively contend that the district court should have set aside the foreclosure sale based on equitable concerns. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747, 405 P.3d 641, 647 (2017) (explaining that there must be a showing of fraud, unfairness, or oppression affecting the sale for it to be set aside on equitable grounds). Appellants contend that unfairness exists because the HOA and its agent "actively thwarted" Pite Duncan's payment efforts, but as indicated, the district court found that the HOA would have provided Pite Duncan with a statement of account free of charge. Nor are we persuaded that the district court erred in rejecting appellants' other equity-based arguments as grounds for setting aside the sale.

Appellants finally contend that the district court abused its discretion in awarding attorney fees to CKVC Investments based on an offer of judgment that appellants rejected.[7] *See Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 89, 343 P.3d 608, 614 (2015) (reviewing an award of attorney fees for an abuse of discretion). In particular, appellants contend that the district court misapplied the *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983), factors. We agree. The district court's analysis of the relevant factors was based on its perception that CKVC Investments' offer was reasonable and that appellants acted unreasonably in rejecting the offer "in light of the opinions released by the Nevada Supreme Court related to NRS 116 foreclosures" after the district court denied summary judgment but before CKVC Investments made its

_____

24, 2012, it did not ask for a statement of account but instead asked for a payoff demand, which Pite Duncan knew would require a fee.

[7]Appellants do not challenge the district court's award of costs. We therefore affirm that portion of the appealed order in Docket No. 77495.

offer. However, the district court did not identify any specific opinion that this court published or any specific issue that this court resolved that affected the merits of appellants' defenses, and as discussed above, one of appellants' main arguments was that Pite Duncan's offer to pay the yet-to-be-determined superpriority amount constituted a valid tender, which was an argument that this court did not reject until *7510 Perla Del Mar Avenue Trust* was decided. Accordingly, we reverse the district court's award of attorney fees. In light of the foregoing, we

ORDER the judgments of the district court AFFIRMED (Docket No. 76888) AND AFFIRMED IN PART AND REVERSED IN PART (Docket No. 77495).

_____, J.
Parraguirre

_____, J.            _____, J.
Hardesty                                                Cadish


cc:  Hon. Joanna Kishner, District Judge
     Akerman LLP/Las Vegas
     Alverson Taylor & Sanders
     The Law Office of Mike Beede, PLLC
     Eighth District Court Clerk