# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF S. B., A MINOR CHILD. | No. 79394 |

S. B.,
Appellant,
vs.
WASHOE COUNTY HUMAN
SERVICES AGENCY,
Respondent.

FILED

NOV 20 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying continued jurisdiction over a minor under NRS 432B.594.[1] Second Judicial District Court, Family Court Division, Washoe County; Cynthia Lu, Judge.

Appellant S.B. has been in the custody of Washoe County Human Services Agency (WCHSA) since age seven.[2] When S.B., who is autistic and non-verbal, approached the age of 18, his court-appointed attorney requested continued jurisdiction under NRS 432B.594, which mandates that the district court must retain jurisdiction "if the child so requests." S.B.'s attorney argued that under the American Bar Association's (ABA's) substituted-judgment model, she is entitled to make this request on S.B.'s behalf because S.B. is non-verbal. The district court denied S.B.'s request for continued jurisdiction, finding that a guardian ad

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Because the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

20-42442

litem must make the request for continued jurisdiction on behalf of a child—not the child's attorney—and that Nevada has not adopted the substituted-judgment model.

S.B. argues that NRS 432B.594 authorizes a non-verbal child's attorney to request continued jurisdiction on the child's behalf. WCHSA answers that NRS 432B.594 unambiguously requires a *child* to request continued jurisdiction, not the child's attorney. We review questions of statutory construction de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014). Where a statute's language is clear and unambiguous, this court will not look beyond the statute's plain language. *Id.* Ambiguous language is that which "is susceptible to more than one reasonable interpretation." *Id.* (explaining that where a statute is ambiguous, this court must look to the legislative history, reason, and public policy to resolve the ambiguity).

NRS 432B.594(1), when read with NRS Chapter 432B as a whole, is clear and unambiguous. *See In re Parental Rights as to N.J.*, 125 Nev. 835, 842, 221 P.3d 1255, 1260 (2009) ("When construing a specific portion of a statute, the statute should be read as a whole, and, where possible, the statute should be read to give meaning to all of its parts." (internal quotation marks omitted)). It provides that "[a] court which orders a child to be placed other than with a parent and which has jurisdiction over the child when the child reaches the age of 18 years shall retain jurisdiction over the child *if the child so requests.*" (Emphasis added). While a guardian ad litem can undisputedly make this decision for a child who is non-verbal, or otherwise incapacitated, a child's attorney cannot. Unlike a guardian ad litem, who the court appoints to "exercise independent judgment regarding

the best interests of the child," NRS 432B.500(2)(g), an attorney's role is "to counsel the child regarding the legal consequences of remaining under the jurisdiction of the court after reaching 18 years of age and assist the child in deciding whether to remain under the jurisdiction of the court," NRS 432B.592(2). Where, as here, the child is unable to make or communicate this decision, the attorney can counsel the child's guardian ad litem. But nothing in NRS 432B.592(2) authorizes an attorney to make this decision for a child. In fact, NRS 432B.594(2)(a) expressly references the child and the child's attorney as two separate entities, indicating that the word *child* is not interchangeable with the word *attorney* in this statute. NRS 432B.594(2)(a) (providing that one way in which retained jurisdiction may end is when "[t]he agency which provides child welfare services, *the child* and *the attorney of the child* agree to terminate the jurisdiction" (emphasis added)). Further, NRS 432B.420(2) expressly provides that an attorney representing a child in a dependency proceeding "has the same authority and rights as an attorney representing any other party to the proceedings." Because NRS 432B.594(1) does not authorize a child's attorney to make the request for continued jurisdiction on a child's behalf, the district court did not err when it denied S.B.'s request on this basis.[3]

_____

[3]S.B. argues that if NRS 432B.594 required that he request continued jurisdiction through a guardian ad litem, the district court had a duty to appoint one. We agree the district court had a statutory duty to appoint a guardian ad litem. *See* NRS 432B.500(1) (providing that after a child has been placed in protective custody, "the court shall appoint a guardian ad litem for the child"). Nonetheless, S.B.'s attorney did not object, and in fact agreed with the district court when it rescinded its order appointing a guardian ad litem. S.B. thus invited this error and cannot complain about it on appeal. *See Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345

Next, S.B. argues that the district court erred in precluding his attorney from using the ABA's substituted-judgment model. Nevada, however, has not adopted the substituted-judgment model and instead the Legislature enacted NRS Chapter 432B, which specifically governs an attorney's role in a child-dependency proceeding. Under those rules, an attorney cannot substitute his or her own judgment for the child's judgment. Further, those rules make clear that an attorney and guardian ad litem are separate entities with different roles in a child-dependency proceeding. *See* NRS 432B.592(2) (providing that an attorney's role in a child-dependency proceeding is to counsel and assist a child in deciding whether to request the court's continued jurisdiction); NRS 432B.500(2)(a) (providing that a guardian's role is to "[r]epresent and protect the best interests of the child"); NRS 432B.500(1)(c) (clarifying that the appointed guardian ad litem "[m]ust not be an attorney appointed to represent the child pursuant to NRS 432B.420"). Because Nevada has not adopted the substituted-judgment

---

(1994) (recognizing that invited error occurs when a party appeals an error "which he himself induced or provoked the court or the opposite party to commit" (internal quotation marks omitted)); *see also Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

S.B. also argues that WCHSA discriminated against him based on his disability in violation of Title II of the Americans with Disabilities Act. If S.B. wanted to sue WCHSA for discrimination, he should have done so in a separate action. Even so, S.B. failed to prove that WCHSA discriminated against him because of his disability.

SUPREME COURT
OF
NEVADA

(O) 1947A

model, we conclude the district court did not err when it denied S.B.'s request.[4]

We therefore

ORDER the judgment of the district court AFFIRMED.


_____ _Pickering_ , C.J.
        Pickering


_____ , J.          _____ , J.
  Gibbons                          Hardesty


_____ , J.          _____ , J.
  Parraguirre                    Stiglich


_____ , J.          _____ , J.
  Cadish                          Silver


cc:    Hon. Cynthia Lu, District Judge, Family Court Division
       Washoe Legal Services
       Washoe County District Attorney
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Washoe District Court Clerk

---

[4]While the National Association of Counsel for Children (NACC) point out in its amicus curiae brief that a child has a due-process right to be heard, we conclude that right was not violated here because precluding an attorney from seeking continued jurisdiction on behalf of a child without the child's consent does not mean the child's right to be heard has been violated.