# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS VINCENT STANTON,
Appellant/Cross-Respondent,
vs.
TWYLA MARIE STANTON,
Respondent/Cross-Appellant.

No. 80910

FILED

MAR 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal and cross-appeal from a district court order setting aside a divorce decree. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant filed a complaint for divorce in the Eighth Judicial District Court, but dismissed it after respondent was appointed legal counsel when the court concluded she had a diminished capacity. A month later, the parties filed another divorce complaint in the Eighth Judicial District Court, but dismissed the action after their peremptory challenge was denied and the matter remained assigned to the same District Court Judge who had appointed respondent legal counsel in the prior proceedings. Shortly thereafter, the parties filed yet another divorce complaint in the Fifth Judicial District Court. After the divorce decree in that action was entered, respondent relocated to Arkansas where her parents obtained a guardianship over her. Thereafter, the parents moved to set aside the divorce decree. The parties then reconciled and remarried. At the hearing on the motion, appellant's counsel agreed to set aside the divorce decree as a moot issue. The district court granted the motion to set aside the divorce decree and ordered that the joint petition for divorce was dismissed with

22-06873

prejudice. The court further entered an order awarding respondent's temporary guardians attorney fees as sanctions against appellant for committing a fraud upon the court by failing to inform the district court about the Eighth Judicial District Court proceedings. Both parties appealed.

Because appellant agreed to set aside the divorce decree at the hearing, he has waived any challenge he may now have to the district court's decision to set it aside. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). Respondent has also waived any challenge to the district court's order to set aside the divorce decree because her guardians sought it on her behalf and were successful in their motion, *see* NRAP 3A(a) (explaining that only aggrieved parties may appeal a judgment), and even if she disagreed with her guardians or they lacked standing to file the motion on her behalf, she had notice of the proceedings and even filed her own affidavit in the matter but did not seek to intervene or oppose the motion.

Regardless of the parties' waivers, the district court did not abuse its discretion in granting the motion as the court held a hearing on the motion and the evidence in the record supports a finding of clear and convincing evidence of a fraud upon the court. NRCP 60(d)(3) (permitting a district court to "set aside a judgment for fraud upon the court"); *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 658, 218 P.3d 853, 861 (2009) (explaining that such motions are "addressed to the sound discretion of the trial court"). This court notes as well that neither appellant nor respondent sought an evidentiary hearing nor made any request to call witnesses or present

evidence outside of what was provided to the court in the pleadings. Therefore, we affirm the district court order in this regard.

Nevertheless, we conclude the district court abused its discretion in sanctioning appellant. *See Watson Rounds v. Eighth Judicial Dist. Court*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015) ("This court reviews sanctions awarding attorney fees for an abuse of discretion."). NRCP 11(c)(2) permits a party to seek sanctions against an opposing party for violations of NRCP 11(b), but requires such request to be made in a separate motion and served on the opposing party before being filed with the court, providing the opposing party with 21 days to cure the violation. The request for sanctions against appellant was not made in a separate motion, it was not served on him before it was filed with the district court, and he was not provided with an opportunity to cure the violation. Therefore, because the proper procedure for sanctioning a party was not followed, the district court abused its discretion in sanctioning appellant; and, we reverse this portion of the order. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART. [1]

_____, J.
Cadish

_____, J.          _____, J.
Pickering                                      Herndon

---

[1]In light of this order, we need not reach the parties' additional arguments.

cc: Hon. Robert W. Lane, District Judge
Holley Driggs/Las Vegas
Law Office of Christopher P. Burke
Nye County Clerk