# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
SAN PABLO CT TRUST,
Respondent.

No. 73025

**FILED**

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Nationstar Mortgage asks this court to adopt the standard set forth in the Restatement (Third) of Property: Mortgages § 8.3 (1997), which recognizes that courts are generally justified in setting aside a foreclosure sale when the sales price is less than 20 percent of the property's fair market value. This court rejected that request in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017), and we decline to reconsider that decision.

Nationstar also contends that the HOA's CC&Rs contain a "restrictive covenant" wherein the HOA elected not to foreclose on the superpriority component of its lien, thereby rendering Nationstar's deed of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-18481

trust unaffected by the foreclosure sale. Assuming Nationstar's argument in this respect is not foreclosed by this court's conclusion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 419 (2014), that NRS 116.1104 prohibits an HOA from waiving its superpriority lien right, we conclude that Nationstar's argument fails. In particular, Nationstar contends that Sections 4.13 and 4.15 of the CC&Rs contain language subordinating the HOA's lien to Nationstar's deed of trust, and it quotes Section 4.15 as providing that "[t]he lien of the assessments provided for herein shall be subordinate to the [first deed of trust]." However, the full text of Section 4.15 states, *"**Except as provided in Section 4.14**, the lien of the assessments provided for herein shall be subordinate to the [first deed of trust]."* (Emphasis added). Section 4.14 is entitled "**Super Priority**," and it provides that the HOA's "lien is also prior to all Security Interests described in Section 4.13 [i.e., first deeds of trust] to the extent of [six months' worth of HOA assessments]." In other words, Section 4.14 contains language that tracks NRS 116.3116(2) (2013)'s superpriority provision, meaning that when read together, Sections 4.13, 4.14, and 4.15 cannot reasonably be construed as an indication that the HOA chose to conduct a subpriority-only sale.[2]

Because nothing in the CC&Rs indicates that the HOA chose to conduct a subpriority-only sale, Nationstar's argument regarding bid

---

[2]Nationstar's arguments in its reply brief regarding the construction of Section 4.14 are based on misinterpretations and misquotations of the relied-upon CC&R sections. Likewise, Nationstar's argument regarding Section 9.1 ignores the "except as provided in Article 4 above" language. Nationstar's related argument regarding ambiguity in the trustee's deed was not raised in district court, so we decline to consider it. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

chilling as evidence of fraud, unfairness, or oppression fails. *Cf. Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 648 (recognizing that a low sales price in and of itself does not justify setting aside a foreclosure sale unless there is evidence of fraud, unfairness, or oppression). Absent any other coherent argument from Nationstar that the foreclosure sale was affected by fraud, unfairness, or oppression, we need not consider the parties' arguments regarding whether respondent was a bona fide purchaser, and we therefore

ORDER the judgment of the district court AFFIRMED.

_____Cherry_____, J.
Cherry

_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc:  Hon. Douglas W. Herndon, District Judge
     Akerman LLP/Las Vegas
     Law Offices of Michael F. Bohn, Ltd.
     Eighth District Court Clerk