# IN THE SUPREME COURT OF THE STATE OF NEVADA

BAC HOME LOANS SERVICING, LP,
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP; AND RECONTRUST
COMPANY, N.A., A DIVISION OF
BANK OF AMERICA,
Appellants,
vs.
ASPINWALL COURT TRUST,
Respondent.

No. 69885

**FILED**

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand.

Having considered the parties' arguments and the record, we conclude that the district court erroneously granted summary judgment for respondent Aspinwall Court Trust, as appellant BAC Home Loans' agent tendered $468 to the HOA's agent, which, although rejected, undisputedly represented 9 months of assessments and therefore satisfied the superpriority portion of the HOA's lien.[1] *See Horizons at Seven Hills*

---

[1]BAC also challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process challenge), foreclose those challenges.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-27694

*Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev., Adv. Op. 35, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2011)] . . . is limited to an amount equal to nine months of common expense assessments."); 59 C.J.S. *Mortgages* § 582 (2016) (stating the general rule that when a tender is rejected without justification, the tender operates to discharge the lien). Although Aspinwall contends that the HOA's agent was justified in rejecting the tender because the agent believed BAC was required to pay the entire lien amount, we are not persuaded that this was a justifiable basis in light of the explanations contained in the letters sent by BAC's agent setting forth BAC's legal position.[2] *Cf.* 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 (observing that a secured lender will most likely pay the superpriority lien rather than having the HOA foreclose on the unit); 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2 (same).

Consequently, the HOA's foreclosure sale for the entire lien resulted in a void sale, as only part of the lien remained in default. *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("The most common defect that renders a sale void is that the [lienholder] had no right to foreclose."); *see also Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. App. 1979) (payment of past-due installments cured loan's default such that subsequent foreclosure on the property was void); Baxter Dunaway, The Law of Distressed Real Estate § 17:20 (2017) ("A foreclosure

_____

[2]We decline to consider Aspinwall's arguments, raised for the first time on appeal, that BAC's tender imposed improper conditions and that BAC was required to keep the tender good. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

sale can be set aside by a court of equity by showing a lack of default."). And although Aspinwall claims it is protected as a bona fide purchaser, we conclude that Aspinwall's putative status as a bona fide purchaser cannot validate an otherwise void sale.[3] *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("Some defects are so substantial that they render the sale *void*. In this situation, neither legal nor equitable title transfers to the sale purchaser . . . . The most common defect that renders a sale void is that the [lienholder] had no right to foreclose, such as when . . . the [debt] is not in default."). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ Pickering _____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. James Crockett, District Judge
       Akerman LLP/Las Vegas
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk

---

[3]For this reason, Aspinwall's arguments regarding the need for BAC to record evidence of its tender are moot, even if those arguments had been properly preserved for appeal. *Old Aztec*, 97 Nev. at 52, 623 P.2d at 983.