# IN THE SUPREME COURT OF THE STATE OF NEVADA

2713 RUE TOULOUSE TRUST, A
NEVADA TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 68206

FILED

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for Bank of America on the ground that it tendered $540 to the HOA's agent, which, although rejected, undisputedly represented 9 months of assessments and therefore satisfied the superpriority portion of the HOA's lien. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev., Adv. Op. 35, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments."); 59 C.J.S. *Mortgages* § 582 (2016) (stating the general rule that when a tender is rejected without justification, the tender operates to discharge the lien).[1] Consequently, the

---

[1]Appellant has not argued that the HOA's agent was justified in rejecting the tender.

18-27702

HOA's foreclosure sale for the entire lien resulted in a void sale, as only part of the lien remained in default. *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("The most common defect that renders a sale void is that the [lienholder] had no right to foreclose."); *see also Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. App. 1979) (payment of past-due installments cured loan's default such that subsequent foreclosure on the property was void); Baxter Dunaway, The Law of Distressed Real Estate § 17:20 (2017) ("A foreclosure sale can be set aside by a court of equity by showing a lack of a default.").

We are not persuaded by appellant's argument that there is a question of fact regarding whether Bank of America's $540 payment was sufficient to cover 9 months of assessments. In particular, under appellant's interpretation of the account ledger, the homeowner would have missed 7 months of payments between April 2009 and November 2009 yet then began making payments from December 2009 through November 2010 without satisfying the previously unpaid 7 months of assessments. We find this interpretation implausible.[2] We likewise disagree with appellant's contention that it should have been afforded the opportunity to conduct discovery into whether the tender was actually made, as appellant's counsel acknowledged to the district court that there was no basis to doubt the veracity of Jory Garabedian's declaration and the relied-upon documentation. We also decline to consider appellant's argument that Bank

---

[2]An alternative interpretation appears to be that the homeowner made 13 monthly assessment payments between April 2009 and November 2010 yet intermittently missed 7 months of payments during that same time frame. We find this interpretation equally implausible.

of America imposed improper conditions on its tender because contrary to appellant's representation, that argument was not coherently made in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Finally, although appellant claims it is protected as a bona fide purchaser, we conclude that appellant's putative status as a bona fide purchaser cannot validate an otherwise void sale. *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("Some defects are so substantial that they render the sale *void*. In this situation, neither legal nor equitable title transfers to the sale purchaser . . . . The most common defect that renders a sale void is that the [lienholder] had no right to foreclose, such as when . . . the [debt] is not in default."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.


_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty


cc:   Hon. Valerie Adair, District Judge
      Persi J. Mishel, Settlement Judge
      Ayon Law, PLLC
      Akerman LLP/Las Vegas
      Eighth District Court Clerk