# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAN FLORENTINE AVENUE TRUST,
Appellant,
vs.
JPMORGAN MORTGAGE
ACQUISITION CORPORATION,
Respondent.

No. 73684

FILED

SEP 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for respondent. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, the district court determined that the $45,100 purchase price for a property valued at $369,000 was grossly inadequate. It also determined that the HOA's agent mailed respondent four letters stating that the HOA's lien was subordinate to respondent's deed of trust, with the implication being that any ensuing foreclosure sale would not extinguish respondent's deed of trust.[1] *Cf. Nationstar Mortg., LLC, v.*

---

[1]Appellant observes that the letters also stated "[t]his Lien may affect your position." We are not persuaded that this statement negates the letters' above-mentioned statement, as the letters appear to have been directed toward entities other than respondent and MERS. We likewise decline to consider appellant's argument that respondent failed to produce evidence showing that respondent actually interpreted the letters as a representation that its deed of trust would not be extinguished. *Old Aztec*

18-38017

*Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 & n.8 (2017) (reaffirming that although inadequate price alone is insufficient to set aside a foreclosure sale, a sale may be set aside if there is evidence of fraud, unfairness, or oppression and that an HOA's representation that its foreclosure sale will not extinguish the deed of trust can provide the required fraud, unfairness, or oppression to justify setting aside the sale).

Based on this evidence, we agree with the district court's conclusion that there were equitable grounds for setting aside the sale. *See id.* We are not persuaded that appellant's putative status as a bona fide purchaser precluded the district court from granting such equitable relief. *See Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 63, 366 P.3d 1105, 1114 (2016) ("When sitting in equity, however, courts must consider the entirety of the circumstances that bear upon the equities."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

*Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Similarly, appellant did not coherently argue in district court that respondent would have been unjustified in relying on the letters. *Id.*

cc: Hon. Linda Marie Bell, District Judge
Janet Trost, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Smith Larsen & Wixom
Eighth District Court Clerk