This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Reviewing the summary judgment de novo, Wood v. Safeway, Inc ., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.
The district court correctly determined that respondent Christiana Trust's predecessor cured the default as to the superpriority portion of the HOA's lien by tendering $846 to the HOA's agent, which the HOA's agent accepted and which undisputedly represented 9 months of assessments.[1] See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings , LLC, 132 Nev., Adv. Op. 35, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [ (2009) ] ... is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. Bank of America, N.A. v. SFRInvestments Pool 1, LLC , 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although appellant contends that Christiana Trust's predecessor needed to record evidence of the tender and that appellant is protected as a bona fide purchaser, we recently rejected similar arguments. Id. at 119-121.[2] Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore
ORDER the judgment of the district court AFFIRMED.

Contrary to appellant's representation, the record contains evidence demonstrating that the HOA accepted the tender.

Appellant also argues that Christiana Trust's predecessor imposed improper conditions on its tender. Because this argument was raised for the first time in the reply brief, we decline to consider it. Francis v. Wynn Las Vegas, LLC , 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) ; Old Aztec Mine, Inc. v. Brown , 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).