# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF NEW YORK MELLON, F/K/A
THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-23CB MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-23CB,
Appellant,
vs.
SATICOY BAY LLC, SERIES 6629
TUMBLEWEED RIDGE 103 TRUST,
Respondent.

No. 72746



FILED

DEC 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant Bank of New York Mellon (BNYM) argues that the district court erred in concluding that the homeowners' association (HOA) foreclosed on the superpriority piece of its lien under NRS 116.3116 rather than just the subpriority piece.[2] In particular, BNYM argues that a restrictive covenant in the HOA's CC&Rs is evidence that the HOA made such a choice. In *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev. 742, 757-58, 334 P.3d 408, 419 (2014), this court held that an identically worded

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]All statutory references are to the provisions in effect at the relevant time, before the 2015 amendments.

18-908647

CC&R provision was unenforceable in light of NRS 116.1104, which states that the rights provided to an HOA in NRS Chapter 116 cannot be waived or varied by agreement except as expressly provided in NRS Chapter 116. While we do not question an HOA's ability to choose to foreclose on only the subpriority portion of its lien, we are not persuaded that the restrictive covenant is evidence that the HOA made such a choice in this case, as an HOA's "choice" to never exercise its superpriority lien rights cannot be logically distinguished from a waiver that is precluded by NRS 116.1104.[3]

Next, although BNYM contends that its predecessor tendered the superpriority lien amount to the HOA's agent via a May 2011 email or a February 2012 letter, we are not persuaded that the predecessor's offers to pay the superpriority lien amount, once that amount was determined, were sufficient to constitute a valid tender.[4] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not

---

[3]We decline to consider BNYM's argument that the deed respondent received is ambiguous in terms of whether the HOA chose to foreclose on the superpriority component of its lien. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). BNYM's reliance on *River Glider Avenue Trust v. Wells Fargo Bank, N.A.*, Docket No. 69229 (Order of Affirmance, Oct. 14, 2016), is misplaced, as that appeal did not timely present the issue of whether an HOA could choose to conduct a subpriority-only foreclosure.

[4]Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support BNYM's position. Those cases addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11.

enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. Unites States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

Finally, BNYM contends that the sale should be set aside because it was commercially unreasonable. Even if commercial reasonableness were the appropriate standard for considering whether the foreclosure sale should be set aside, *see Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 646 & n.7 (2017) (holding that the commercial reasonableness standard does not apply to an HOA real property foreclosure but recognizing that the commercial reasonableness standard may overlap with the "fraud,

SUPREME COURT
OF
NEVADA

(O) 1947A

3

unfairness, or oppression" standard), we conclude that BNYM's proffered evidence does not warrant setting aside the sale. First, although the foreclosure notices did not delineate the superpriority portion of the HOA's lien, the HOA's agent sent BNYM's predecessor an account ledger stating the HOA's assessments were $99 per month. Second, although section 7.8 of the CC&Rs arguably provided that an HOA foreclosure sale would not affect a first deed of trust, sections 5.8 and 17.11 both provided that an "offending Declaration provision shall be automatically deemed modified or severed" if that provision "is found to irreconcilably conflict with or violate" applicable law. As explained above, section 7.8 conflicted with NRS 116.1104, so in light of sections 5.8 and 17.11, any insinuation that section 7.8 may have confused prospective bidders or otherwise chilled bidding at the foreclose sale is purely speculative. Absent equitable grounds to set aside the sale, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Joseph Hardy, Jr., District Judge
       Akerman LLP/Las Vegas
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk