# IN THE SUPREME COURT OF THE STATE OF NEVADA

PRESTIGE RENTALS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,
Respondent.

No. 71800

FILED

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that the foreclosure sale did not extinguish respondent's deed of trust because the auctioneer announced before the sale that the deed of trust would remain intact. Although appellant argues that there was no admissible evidence that the auctioneer made the announcement, appellant fails to address the

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-13939

signature of Jonathan S. Ehrens on the auctioneer's instructions, which qualifies as a party admission under NRS 51.035(3).[2]

Additionally, although appellant contends that an HOA cannot foreclose on only the subpriority portion of its lien when the superpriority portion has not been satisfied, appellant has not identified any provision in the Uniform Common Interest Ownership Act that prohibits the HOA from making such a choice.[3] *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 748, 334 P.3d 408, 412 (2014) (observing that the Uniform Common Interest Ownership Act's "split-lien approach represents a 'significant departure from existing practice'" (quoting 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 and 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2)). We are not persuaded that the language in the trustee's deed unambiguously shows that the HOA

---

[2]Appellant has not disputed that Mr. Ehrens signed the instructions, nor has appellant timely and coherently argued that respondent did not authenticate that document. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Additionally, we are not persuaded that Mr. Ehrens' failure to recall whether an announcement was made creates a genuine issue of material fact regarding whether an announcement was actually made.

[3]We observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014), that NRS 116.1104 prohibits an HOA from using its CC&Rs to perpetually waive its statutory right to assert lien priority over a first deed of trust. However, appellant has not presented any authority to support the proposition that NRS 116.1104 prohibits an HOA from choosing on a case-by-case basis to foreclose on only the subpriority portion of its lien, as happened here.

intended to foreclose on the superpriority portion of its lien. Nor are we persuaded that the post-sale distribution of proceeds could alter the legal effect of the sale.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Timothy C. Williams, District Judge
Janet Trost, Settlement Judge
Greene Infuso, LLP
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[4]We decline to consider appellant's argument that the HOA needed to record a document indicating its intent to subordinate its lien priority. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

SUPREME COURT
OF
NEVADA

(O) 1947A