# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
Appellant,
vs.
RJRN HOLDINGS, LLC,
Respondent.

No. 76149

FILED

JUL 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting respondent RJRN Holdings, LLC's (RJRN) motion for summary judgment and denying appellant Bank of America, N.A.'s (BANA) motion for summary judgment, a district court order denying a motion for reconsideration, and a district court order awarding attorney fees. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

In 2008, Mary F. and Charles R. Whitby executed a deed of trust with BANA to secure a loan in the amount of $131,750 to purchase a home. The Whitbys eventually failed to pay their homeowners association (HOA) dues. In March 2012, the HOA's agent, Nevada Association Services, Inc., (NAS), recorded a notice of delinquent assessment lien against the property. In June 2012, NAS recorded a notice of default and election to sell the property under the HOA lien, stating that the Whitbys owed $3,846.

BANA retained as counsel the law firm of Miles, Bauer, Bergstrom & Winters LLP (Miles Bauer) who wrote to NAS twice on behalf of BANA. In its first letter, Miles Bauer acknowledged that the HOA's lien was superior to BANA's first deed of trust and requested the payoff amount that BANA could tender to satisfy the superiority amount. The second letter again requested a payoff amount and stated that NAS's failure to

provide the amount would result in Miles Bauer proceeding "under the assumption that NAS will continue its position of not providing payoff ledgers until [BANA] forecloses and takes title." NAS did not respond to this letter either. In August 2013, NAS recorded a notice of foreclosure and set the sale for September 2013. RJRN purchased the property at auction for $8,702. The fair market value at the time of sale was $110,000.

In 2015, RJRN filed suit against BANA and the Whitbys in district court, seeking quiet title to the property and preliminary and permanent injunctive relief against BANA. BANA counterclaimed for quiet title, declaratory judgment, and injunctive relief. BANA argued that it offered to pay the superiority amount but RJRN refused to provide that amount, that NAS posted a notice of foreclosure identifying the amount owed, but not the superpriority amount, and that the sale was commercially unreasonable. Both parties moved for summary judgment.

The district court granted summary judgment in favor of RJRN on three independent grounds. First, it determined that the foreclosure sale complied with the requirements of NRS Chapter 116 and was commercially reasonable. Second, it determined that BANA had not established that its letters were delivered, and, even if it had established that they were delivered, BANA's letters were an offer to tender not tender itself. Third, it determined that RJRN was a bona fide purchaser because it had no knowledge of any defects in the title. BANA moved to reconsider, which the district court denied. RJRN moved for attorney fees and costs under NRCP 68. The district court awarded fees and costs under *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), in the amount of $13,121, in-part, because RJRN had offered to settle for $25,000 and BANA declined that offer.

BANA challenges the district court's grant of summary judgment and its award of attorney fees on five grounds: (1) the district court improperly granted summary judgment and that it is entitled summary judgment as a matter of law because it presented sufficient evidence that it sent the letters, and there is a presumption the letter is received if there is evidence it was sent; (2) the letter was sufficient tender; (3) it is excused from tendering because NAS made clear it would not accept; (4) RJRN is not a bona fide purchaser; (5) the sale was commercially unreasonable. BANA also challenges the district court's award of attorney fees and costs to RJRN.

We review a district court's decision to grant summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if "the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.*

As an initial matter, we do not need to determine whether the letter was in-fact delivered, or if the district court should have presumed that the letter was delivered under NRS 47.250—which creates a rebuttable presumption "[t]hat a letter duly directed and mailed was received in the regular course of the mail"—because the letter was merely an offer to tender; it was not tender. We considered a near identical letter in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 135 Nev., Adv. Op. 7, 435 P.3d 1217 (2019), and concluded that "such an offer is not sufficient to constitute tender" *Thomas Jessup*, 135 Nev., Adv. Op. 7, 435 P.3d at 1218. We affirm *Thomas Jessup* and the district court's finding here that BANA

never tendered the superpriority amount.[1] However, unlike in *Thomas Jessup*, here, BANA has not established that it was NAS's policy to reject tender if attempted. *See id.* at 1220. It only established that NAS failed to respond to its letters offering tender, a showing that is not enough to excuse its obligation to tender. *Cf. id.*

We next consider whether the district court erred in determining that the sale was commercially reasonable. A foreclosure sale may be set aside if the price obtained is inadequate and the sale is accompanied by some irregularity, such as evidence of fraud, unfairness, or oppression. *Golden v. Tomiyasu*, 79 Nev. 503, 516, 387 P.2d 989, 995 (1963) ("If the sale has been attended by any irregularity . . . and the property has been sold at a greatly inadequate price, the sale may be set aside." (internal quotation marks and emphasis omitted)). Potential irregularities include: (1) selling lots together that should have been sold separately, (2) selling property in a manner that prevents it from selling for full value, (3) preventing bidders from attending the auction, (4) some undue advantage that prejudices the owner, and (5) collusive conduct benefitting the purchaser. *Id.*

---

[1]BANA also argues that we should excuse its obligation to tender because NAS refused to cooperate, making any attempt to tender futile. However, BANA failed to raise this argument at any point before its motion to reconsider. NRCP 59(a)(1)(D) permits evidence "that the party could not, with reasonable diligence, have discovered and produced at the trial." BANA had access to the deposition testimony it relies on in support of its futility arguments before it filed its motion for summary judgment. Therefore, we conclude BANA waived this argument. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52-53, 623 P.2d 981, 983-84 (1981) (determining that an argument not made before the district court is deemed waived on appeal).

BANA argues that the sale was commercially unreasonable because the sale price was grossly inadequate and NAS's rejection of BANA's tender was unfair and oppressive. Even if the purchase price was inadequate, a question we do not need to address, we conclude that the sale was commercially reasonable because there is no evidence that unfairness, fraud, or oppression affected the sale price. BANA had knowledge that its letter to NAS was not valid tender. Its second letter, referencing the first letter that it sent, acknowledged that NAS failed to accept tender. BANA also had notice of the foreclosure proceedings and failed to attend. BANA has not established a genuine issue of material fact as to whether RJRN's failure to accept its tender affected the purchase price, either unfairly or oppressively, and therefore, the sale was commercially reasonable.[2] *See Wood*, 121 Nev. at 729, 121 P.3d at 1029; *see also Golden*, 79 Nev. at 516, 387 P.2d at 995.

Finally, we conclude that the district court did not abuse its discretion in awarding attorney fees and costs. RJRN brought its claim in good faith because it was the record owner of the property, which BANA refused to acknowledge. RJRN also made an offer of judgment, which BANA declined. An award of attorney fees and costs is reviewed for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014). To determine whether to award attorney fees stemming from a rejected offer of judgment, trial courts must analyze the

---

[2]Because we determine that the sale was commercially reasonable, we do not need to address whether RJRN was a bona fide purchaser. *See* 25 *Corp., Inc. v. Eisenman Chemical Co.*, 101 Nev. 664, 675, 709 P.2d 164, 172 (1985).

factors laid out in *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983). The Beattie factors are:

> (1) whether the plaintiff's claim [and defendant's defenses] w[ere] brought in good faith; (2) whether the [offeror]'s offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the [offeree]'s decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Dillard Dept. Stores, Inc. v. Beckwith*, 115 Nev. 372, 382, 989 P.2d 882, 888 (1999) (quoting *Beattie*, 99 Nev. at 588-89, 668 P.2d at 274).

Here, RJRN made an offer of judgment of $25,000 on BANA to allow for an order quieting title on the property. BANA did not accept the offer of judgment. The offer was in good faith and reasonable given the expertise of RJRN's counsel and the value of the property in question. BANA's rejection of the offer was also unreasonable because it was aware that its offer to tender was not sufficient and, therefore, did not have a valid claim to title of the property. Further, BANA does not contest the reasonableness of the fees requested. Accordingly, the district court did not abuse its discretion, and we affirm the district court's award of attorney fees and costs, *Logan v. Abe*, 131 Nev. 260, 267, 350 P.3d 1139, 1144 (2015), and conclude that the district court properly granted summary judgment in favor of RJRN. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                              Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. William D. Kephart, District Judge
Akerman LLP/Las Vegas
The Law Office of Mike Beede, PLLC
Eighth Judicial District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A