IN THE SUPREME COURT OF THE STATE OF NEVADA

928 COUNTRY BACK TRUST, A
NEVADA TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 79543

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

In *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev. 62, 63, 458 P.3d 348, 349 (2020), we held that a formal superpriority tender is excused "when evidence shows that the party entitled to payment had a known policy of rejecting such payments." Having reviewed the record, we conclude that substantial evidence does not support the district court's determination that Absolute Collection Services (ACS) had such a policy at the relevant time. *See id.* at 65, 458 P.3d at 350 (reviewing a district court's factual findings following a bench trial for substantial evidence). To the contrary, ACS's letter and the trial testimony from Kelly Mitchell and Rock Jung are similar to the letter and testimony that this court deemed insufficient to establish such a policy in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, Docket No. 73785 (Order

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-34446

Affirming in Part, Reversing in Part, and Remanding, May 7, 2020).[2] Nor are we persuaded that Shawn Look's testimony establishes such a policy, as ACS's response letter did not outright refuse to provide information. Accordingly, respondent was not excused from making a formal tender.[3] And because the district court did not consider respondent's equity-based argument, we decline to do so in the first instance. *See 9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 82, 459 P.3d 227, 232 (2020) (declining to address an issue that the district court did not resolve). Consistent with the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Elizabeth Goff Gonzalez, District Judge
The Law Office of Mike Beede, PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[2]We recognize that the district court did not have the benefit of this court's en banc *Thomas Jessup* decision and instead relied on the since-vacated but at-the-time controlling panel opinion in that case.

[3]Respondent's argument that tender was excused because the superpriority amount was not ascertainable was not raised below. We therefore decline to consider those arguments. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that arguments raised for the first time on appeal are waived).