IN THE SUPREME COURT OF THE STATE OF NEVADA

WYETH RANCH COMMUNITY
ASSOCIATION,
Appellant,
vs.
MARCHAI B.T., A NEVADA BUSINESS
TRUST,
Respondent.

No. 83069

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a post-judgment order denying a request for attorney fees. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

Appellant requested attorney fees under NRCP 68, which the district court denied. In doing so, the district court found that respondent brought its claims against appellant in good faith; that appellant's offer of judgment was not reasonable in its amount given the potentially preclusive effect of that offer with respect to respondent's claims against nonparty SFR Investments; and that respondent reasonably rejected the offer given the offer's potentially preclusive effect. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) ("In exercising its discretion regarding the allowance of fees and costs under NRCP 68, the trial court must carefully

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13634

evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.").

Appellant contends that the district court erred in declining to award fees because respondent's claims were *maintained* in bad faith following this court's reversal and remand of a previous appeal, and that appellant's offer of judgment would not have preclusive effect with respect to respondent's claims against SFR. We are not persuaded that the district court abused its discretion.[2] *See Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015) (reviewing a district court's decision regarding whether to award attorney fees for an abuse of discretion); *MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev. 78, 88, 367 P.3d 1286, 1292 (2016) ("An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or it disregards controlling law."). In particular, the district court *denied* appellant's motion for summary judgment against respondent after this court's remand, which indicates the district court *still* found respondent's claims against appellant to be potentially meritorious.[3]

---

[2]We also are not persuaded by appellant's argument that a de novo standard of review should apply.

[3]The district court also denied appellant's motion for reconsideration, clarifying that the claims remained potentially meritorious because

SUPREME COURT
OF
NEVADA

(O) 1947A

Moreover, while we question whether accepting appellant's offer of judgment would have had preclusive effect on respondent's claims against SFR, appellant did not provide the district court with any authority indicating that the offer *would not* have a preclusive effect.[4] *See MB Am., Inc.*, 132 Nev. at 88, 367 P.3d at 1292 ("An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or it disregards controlling law."); *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (stating that the relevant inquiry when reviewing for an abuse of discretion is not whether the appellate court would come to the same conclusion, but "whether the district court's decision was tenable" (internal quotation marks omitted)).

---

respondent had sufficiently alleged that it was entitled to excess proceeds from appellant if the foreclosure sale extinguished appellant's deed of trust. Appellant observes on appeal that the district court's judgment following the bench trial contained certain findings that contradicted its earlier clarification, but appellant did not coherently bring that contradiction to the district court's attention when explaining why the *Beattie v. Thomas* factors justified an award of attorney fees, and we decline to consider the potential significance of this contradiction for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623, P.2d 981, 983 (1981).

[4]On appeal, appellant has cited to *Nationstar Mortgage LLC v. Curti Ranch Two Maintenance Ass'n, Inc.*, No. 3:17-cv-00699-LRH-CLB, 2019 WL 6877552, at *7 (D. Nev. Dec. 16, 2019), which held that a deed of trust beneficiary's settlement with an HOA does not preclude a quiet title claim against the HOA sale purchaser. Appellant has also cited to *Bocanegra v. Aetna Life Insurance Co.*, 605 S.W.2d 848, 853 (Tex. 1980), which observed that "[o]ne may also receive something by way of settlement, even of substantial value, under an uncertain claim without making an election which bars recovery against another person." Appellant, however, did not provide either of these authorities to the district court.

Accordingly, we conclude that the district court was within its discretion in finding that the *Beattie v. Thomas* factors did not weigh in favor of awarding appellant attorney fees. We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:  Chief Judge, Eighth Judicial District Court
Department 11, Eighth Judicial District Court
Thomas J. Tanksley, Settlement Judge
Lipson Neilson P.C.
David J. Merrill, P.C.
Eighth District Court Clerk

_____

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.